Lundberg, Appellant, v. Hemphill.

Argued April 15, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Ross H. Pentz,* and with him *W. C. Pentz* and *John J. Pentz,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY CUNNINGHAM, J., July 8, 1931:

The action below was trespass in which plaintiff sought to recover from Anthony Hemphill as landlord and J. G. Griggs as constable, under the Act of March 21, 1772, 1 Sm. Laws 370, twice the value of an automobile alleged to have been illegally distrained and sold. Judgment was entered for defendants upon questions of law raised by them in their affidavit of defense and plaintiff has appealed. No appearance was entered or brief filed for appellees. The case must be disposed of solely upon the declaration and affidavit. We pay no attention to the extraneous facts stated by counsel for appellant in their history of the case; they do not appear upon the record and therefore are not properly before us. Plaintiff's statement, after averring that prior to July 20, 1929, he was the owner of a certain Chevrolet automobile of the then value of $582., continued:

"Third: On or about the 20th of July, 1929, Anthony Hemphill, one of the above named defendants, pretending that there was seventy-five ($75.00) Dollars rent due him for a building he claimed to own, issued a landlord's warrant and called in I. G. Griggs, alias J. G. Griggs, the other defendant, as a constable to aid and assist him in the collection of said pretended rent which the said Hemphill claimed to be in arrears and in pursuance of said warrant of distress so issued, the said defendants levied on the automobile above described.

Fourth: The plaintiff avers, and expects to be able to prove, that he had no contractual relations with the said Anthony Hemphill, or the other defendant, for

the rental of any premises or building or buildings, as alleged by the said Hemphill in said warrant of distress, and had no contract to pay the said Hemphill any rent of any kind or character and at no time did the relation of landlord and tenant exist between the said Hemphill and this plaintiff.''

The fifth paragraph contained a statement of plaintiff's conclusion that the seizure was wilful, malicious and illegal, followed by an averment of the fact of the sale.

In the sixth and last paragraph it was averred that under the act ''a claimant so wronged may recover twice the value of his property;'' hence the amount claimed was $1,164.

Defendants set up in their affidavit that the declaration was insufficient because it was not averred therein that plaintiff did not have notice of the distress, with the cause of taking, or that there were any irregularities in the subsequent proceedings; nor was it averred that no rent was due to Hemphill, the person distraining, from anyone for the building referred to in the declaration. The conclusion of the court below was that plaintiff should have contested Hemphill's right to sell the distrained car by replevin proceedings, and, having neglected to replevy it, had failed to plead facts essential to support the present action.

There was no averment that the car was not found on premises belonging to Hemphill. On the contrary, the only inference to be drawn from the declaration is that it was so found. There was a positive averment that the building had not been leased to plaintiff, but no allegation that it had not been demised to anyone, or that there was no rent ''in arrear or due'' from any third party. The substance of the case pleaded by plaintiff was that, although he was a stranger to any demise made by Hemphill, his car had been seized at Hemphill's instance under a distress for rent. Was

this sufficient; should not plaintiff also have averred that there was no rent due Hemphill from anyone, or that his car was not found on demised premises belonging to Hemphill? Was not the test of his right to maintain his action whether rent was owing for the premises where the distress was made, rather than who owed it? In order to recover under the third section of the act it is necessary for the plaintiff in the action of trespass therein provided for to plead and show that a distress and sale have been made "for rent pretended to be in arrear and due, when in truth no rent shall appear to be in arrear or due to the person or persons distraining." In that event the owner of the goods distrained and sold may recover double their value. The basis for the action is an illegal seizure, or some irregularity in the subsequent proceedings. The law prescribes a method by which a third party claiming to be the owner of goods distrained for rent may prevent their sale and secure a decision of the questions upon which the right to distrain and sell depends. As the proceedings, both on the part of the landlord and of the tenant, or a stranger whose goods have been found on the demised premises, are statutory, the directions of the statutes must be followed. "If the seizure is irregular, it is a trespass. If the seizure is regular, but the subsequent steps are not in accordance with the statute, the landlord becomes a trespasser ab initio by his departure from the directions of the law under which he must justify, and may be sued in the same manner as any other trespasser:" Esterly Machine Co. v. Spencer, 147 Pa. 466, 469. In that case Spencer was the landlord and Harbert the tenant in arrear for rent. He was a dealer in agricultural implements and when the distraint was made a pile of detached pieces of iron was among the goods seized. The Esterly Machine Company claimed the iron as its property and alleged

that it had been left with Harbert for sale on commission. The machine company did not replevy but after the sale brought its action of trespass, as in the present case. In the course of its opinion the Supreme Court said: "But if the landlord keeps within the path which the law prescribes, he is not a trespasser. If he includes in his distraint goods claimed by others, ......as owners, and they wish to assert their title to such goods, their remedy is also prescribed by the statute. The goods were found in the possession of the tenant, with nothing to give notice of the fact that they were not his. They were, prima facie, liable to seizure for the rent in arrears. The owners come forward to make claim. The burden of proof is on them, and they must proceed in the manner directed, to make their title good against the landlord. This they are to do by an action of replevin: Caldcleugh v. Hollingsworth, 8 W. & S. 302. The act of 1772 makes this the method for the tenant or owner to pursue wherever he would contest the landlord's right to sell the goods seized by him."

It is to be noted that we are here considering the sufficiency of the plaintiff's statement to support the action and not the sufficiency of an affidavit of defense in which a constable attempted to justify the alleged unlawful seizure of a piano, as was the case in Ramsdell v. Seybert, 27 Pa. Superior Ct. 133, cited and relied upon by counsel for appellant. For present purposes we accept all the statements in the declaration as true but are of opinion that the court below was correct in holding that the defendants were entitled to judgment in their favor upon the questions of law raised by their affidavit of defense in the nature of a demurrer.

Appellant does not complain of the failure of the court below to give him leave to amend his statement of claim and, in order to avoid misunderstanding, we

remark, as did the Supreme Court in Troop v. Franklin Savings and Trust Company, 291 Pa. 18, 22, that we have not considered whether this should have been done.

Judgment affirmed.