## Scott v. Zuroski

*Welles, Mumford, Stark & McGrath,* for plaintiff.
*J. J. Sirotnak,* for defendant.

LEACH, P. J., March 4, 1936.—Plaintiff's statement avers that he is the owner of certain personal property, more particularly described, which is on the premises of defendant, that defendant evicted Daley, the former lessee, and locked the premises, and when demand was made by plaintiff on January 30, 1936, defendant refused to·return the property. A rule for a more specific statement followed.

"It may be stated as a general rule that in an action of trover the declaration or complaint must allege that the plaintiff had at the time of the conversion a general or special property in the goods converted and the possession or right to possession. . . . It is sufficient to allege merely that at the time of the conversion the plaintiff was the owner and entitled to the immediate possession of the goods. Such an averment is an affirmation of a fact, and is not open to the objection that it is a mere legal conclusion": 21 Enc. Pl. & Pr. 1062, 1063.

The Pennsylvania case cited to support the above statement is Good v. Harnish, 13 S. & R. 99. It holds that such an averment is good after a verdict but does not decide whether it was open· to objection, and we find no cases

where the point is directly decided. The statement does not allege that plaintiff was entitled to immediate possession, and may be defective in that particular.

Defendant contends that after a landlord's warrant plaintiff's remedy is replevin: Caldcleugh v. Hollingsworth, 8 W. & S. 302; Lundberg v. Hemphill, 103 Pa. Superior Ct. 6. However, this contention can be raised by defendant's affidavit of defense set forth as new matter.

Now, March 4, 1936, the rule for a more specific statement is made absolute and plaintiff is allowed 15 days to file an amended statement setting forth his right to immediate possession.