Pisani Unemployment Compensation Case.

Argued March 11, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Harry R. Back*, for appellants.

*Sydney Reuben*, Assistant Attorney General, with him *Thomas D. McBride*, Attorney General, for appellee.

OPINION BY WATKINS, J., June 11, 1957:

In these unemployment compensation claims, the Bureau of Employment Security issued decisions on June 19, 1956, wherein it disqualified the claimant brothers from receiving benefits under the provisions of Sec. 4L (4) (4), 43 PS §821 (e), and Sec. 401, as defined in Sec. 4 (u) of the law. This determination was based on the finding that the Pisani brothers, instead of being employees of their father, were actually his partners.

A copy of the decision was mailed to each claimant and contained the notice that the last day to file within the ten day requirement was June 29, 1956. The record shows that the claimants received the notice and admitted they knew that June 29, 1956 was the last day for appeal.

A letter of protest dated July 2, 1956 was mailed by counsel for the claimants to the bureau. Formal appeals were filed on July 11, 1956. These appeals were referred to a referee and hearings were held. Both appeals were dismissed on the ground that the bureau's decisions of June 19, 1956 became final on June 29, 1956, and, no appeal having been filed within the statutory period the referee was without jurisdiction to rule thereon. The Board of Review affirmed. For the purpose of argument and decision on these appeals to this Court by Eugene Pisani, Jr., and Nicholas Pisani, the claimants, they are consolidated.

The argument of counsel for the claimants that the determination of the bureau, without a hearing, is void and in violation of due process is without merit. Such a determination would destroy any usefulness such administrative bureaus now have. Clearly the Bureau of Employment Security is clothed with the authority to make decisions upon available information furnished by the parties according to the orderly procedural rules

of the bureau. The absence of any hearing at this stage of the proceedings is immaterial, so long as the right of appeal or review of such administrative action by judicial tribunal is afforded. Sec. 501 (e) of the act does provide such an administrative procedure and the parties are accorded "procedural due process" of law. *Pennsylvania State Chamber of Commerce v. Torquato*, 386 Pa. 306, 125 A. 2d 755 (1956). "Procedural process is accorded to both the employer and the claimant in the above mentioned administrative procedures set forth in §501 of the Act. And, of course, it is recognized that due process of law in procedural matters is required in proceedings before administrative tribunals as well as before judicial bodies." *Armour Transportation Company v. Pennsylvania Public Utility Commission*, 138 Pa. Superior Ct. 243, 247, 10 A. 2d 86 (1939).

Section 501 (e) of the Unemployment Compensation Law, 43 PS §821, specifically provides that: "Unless the claimant . . . files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within ten (10) calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith."

Under the provisions of this section the parties must take advantage of their right to review within the time fixed by the statute. This Court has consistently held that such appeal provisions are mandatory and in *Tuttle Unemployment Compensation Case*, 160 Pa. Superior Ct. 46, 49 A. 2d 847 (1946), said: "It is the general rule that where an act of as-

sembly fixes the time within which an appeal may be taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence." See *Ankeny Unemployment Compensation Case*, 182 Pa. Superior Ct. 361, 128 A. 2d 110 (1956); *Abrams Unemployment Compensation Case*, 180 Pa. Superior Ct. 580, 119 A. 2d 656 (1956); *Brennan Unemployment Compensation Case*, 179 Pa. Superior Ct. 493, 118 A. 2d 216 (1955).

The referee and the board were without jurisdiction to consider these claims on the merits when no appeal was filed within ten days from the determination by the bureau.

Decision affirmed.