## Silvio Unemployment Compensation Case.

Argued November 10, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*David F. Silvio,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., December 17, 1959:

On May 1, 1959, the Bureau of Employment Security mailed a notice to this claimant informing him that his claim for unemployment compensation benefits had been denied because he had been discharged for willful misconduct. The claimant sent an envelope, to the bureau's Pittsburgh office postmarked May 12, 1959, at 3:30 P.M., containing a letter which was treated as an appeal.

The appeal was quashed because it was not filed within the ten day period provided by section 501(e) of the Unemployment Compensation Law of 1936, as amended, 43 PS §821(e). After the board affirmed the quashing of the appeal, the claimant appealed to this Court.

The Unemployment Compensation Law provides that appeals must be taken from action of the bureau within ten calendar-days after notice of the action is mailed to the claimant's last known post office address,

and we have held that the board has no power to extend the time of appeal in the absence of a showing of fraud or its equivalent. Section 501(e) of the Unemployment Compensation Law, supra; *Bee Unemployment Compensation Case*, 180 Pa. Superior Ct. 231, 119 A. 2d 558 (1956).

The appellant sets forth no reason for his failure to file an appeal within the period prescribed by law. He argues in his "brief" that he did not intend his letter of May 12th to be an appeal, overlooking the fact that if the letter was not an appeal, no attempt to appeal from the bureau's decision of May 1, 1959, has ever been made.

Decision of the board affirming the quashing of the appeal from the bureau is affirmed.