# Perri Unemployment Compensation Case.

Argued December 16,. 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Lena Fusco Hurlong,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION PER CURIAM, March 24, 1960:

This is an appeal by claimant from a decision of the Unemployment Compensation Board of Review affirming the referee's findings and conclusions, and denying claimant benefits. Claimant was last employed as a supervisor at Hartford Accident and Indemnity Company, 436 Walnut Street, Philadelphia, Pennsylvania. She left her employment on February 27, 1959, being in her seventh month of pregnancy, and filed an application for benefits on February 28, 1959. On April 22, 1959, the bureau issued a decision declaring claimant ineligible under section 402(b) of the Unemployment Compensation Law, 43 PS §802(b), she having voluntarily left her work. A copy of the decision was mailed to claimant at her given post office address, 1217 South Broad Street, Philadelphia 47, Pennsylvania, on April 22, 1959.

Claimant failed to take an appeal within the ten-day period prescribed in section 501(e) of the Law, 43

PS §821(e), which period expired on May 2, 1959. On May 21, 1959, claimant appeared at the bureau in person and filed an appeal. On June 12, 1959, the referee held a hearing at which claimant admitted that her address at the time of the bureau's decision was 1217 South Broad Street, Philadelphia 47, Pennsylvania. Claimant had entered a hospital on April 20, 1959, and her child was delivered on April 21, 1959. She returned home on April 24, 1959. Claimant asserts she never received the bureau's notice of April 22, 1959, denying compensation, although claimant's mother and husband were at her home and received other mail at her home address.

On June 19, 1959, the referee ruled that he was without jurisdiction to hear the appeal since it was filed beyond the ten-day period prescribed by section 501(e) of the Law, 43 PS §821(e). Claimant appealed to the board from the referee's decision of June 19, 1959. The board, on July 16, 1959, adopted the referee's findings and conclusions, and affirmed his decision which dismissed the claim on the ground claimant's appeal to him was filed too late under section 501(e) of the Law.

The time limits prescribed by the Unemployment Compensation Law for the taking of an appeal are mandatory, and, in the absence of fraud or its equivalent courts and administrative bodies are without power to extend the appeal period. *Pisani Unemployment Compensation Case,* 184 Pa. Superior Ct. 35, 37, 132 A. 2d 760. The bureau's decision with notice, properly addressed and not returned by the postal authorities, is presumed to have been received. Cf. *Bee Unemployment Compensation Case,* 180 Pa. Superior Ct. 231, 233, 119 A. 2d 558.

Claimant, through her counsel, argues that she did not have a hearing before the referee or the board, and

thus was prevented from presenting her side of the case. The record establishes that claimant was afforded a hearing and a full opportunity to testify before the referee. There was no evidence submitted that she was misled by any administrative official or otherwise prevented from filing a timely appeal. There was no contradiction of the fact that claimant's appeal from the bureau was not filed within the limitation of ten days set up in section 501(e) of the Law. Under the circumstances, the referee was without jurisdiction to consider the claim on the merits. Cf. *Pisani Unemployment Compensation Case,* supra, 184 Pa. Superior Ct. 35, 38, 132 A. 2d 760. Here, as in *Davidson Unemployment Compensation Case,* 189 Pa. Superior Ct. 543, 548, 549, 151 A. 2d 870, claimant was afforded a full hearing before the referee on appeal from the bureau, and claimant's assertion of lack of procedural due process is entirely unfounded.

Decision is affirmed.