## W. W. Grainger, Inc., Appellant, *v.* Ruth.

Argued March 24, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Robert L. Pfannebecker,* with him *Jacques H. Geisenberger, Jr.,* for appellant.

*Ralph W. Eby, Jr.,* for appellee.

Opinion by Montgomery, J., June 15, 1960:

We are here concerned with the refusal of the court below to strike off an appeal filed May 15, 1959, from a judgment entered by an alderman against the appellee. The judgment was rendered in an action in assumpsit on March 26, 1959.

On April 16, 1959, defendant appellee signed the bail for appeal and on April 17, 1959, it was signed by the surety. A transcript was issued on April 16, 1959, but was not filed in the office of the prothonotary until May 15, 1959.

April 16, 1959, the day the defendant signed the bail, was actually twenty-one days after the entry of judgment. April 17, 1959, the day bail was actually given, since that is the day the surety signed, was twenty-two days after the entry of judgment, calculated by excluding the day on which the judgment was entered.

The next return day of the Court of Common Pleas of Lancaster County, after the transcript was issued, was April 20, 1959, but the transcript was not filed until twenty-five days after the return day, May 15, 1959.

On May 29, 1959, plaintiff presented a motion to strike defendant's appeal and a rule was granted. No answer to the rule was filed by the defendant.

On September 21, 1959, argument was heard on the above motion and the court below denied the plaintiff's motion to strike, from which order the plaintiff has appealed to this Court.

An appeal from an alderman is strictly regulated by statute. The Act of March 20, 1810, P. L. 208, §4 (42 P.S. §923), provides that the appellant shall enter bail to appeal within twenty days after judgment and shall file the transcript of the record in the prothonotary's office on or before the first day of the next term of the court of common pleas after entering such bail.

Since the bail was not entered until twenty-two days after judgment and the transcript was not filed until twenty-five days after the next return day, the time limitations prescribed by the statute were exceeded and the appeal should have been stricken. The court below, however, denied plaintiff's motion to strike on the sole basis that from the undisputed facts averred in the defendant's brief it was indicated that the delay in filing the appeal and the transcript was the fault of the alderman. This was improper. A court should not accept facts from a party's brief as evidence and use them as a basis for decision. The facts referred to upon which the court below based its opinion were not part of the record and a court's opinion and decision should be confined to the facts properly before it as part of the record. *Spitzer v. Philadelphia Transportation Co.,* 348 Pa. 548, 36 A. 2d 503; *Sheridan v. Horn & Hardart Baking Co.,* 366 Pa. 485, 77 A. 2d 362; *Dougherty v. Wood,* 105 Pa. Superior Ct. 1, 158 A. 203; *Lundberg v. Hemphill,* 103 Pa. Superior Ct. 6, 157 A. 507.

Where an act of assembly fixes the time within which an appeal must be perfected, the court has no power to extend it, and there must be fraud or its equivalent to permit an appeal nunc pro tunc. *Higgins v. The Educators,* 147 Pa. Superior Ct. 400, 24 A. 2d 19. In the instant case. even if it had been properly proved, lack of knowledge or notice of the entry of the judgment by the alderman is not a sufficient reason. *Adelman v. McShain,* 148 Pa. Superior Ct. 138, 24 A. 2d 703. Regardless, there was no excuse for the delay in filing the transcript with the prothonotary. The mere neglect of a party or his counsel is not a valid reason for the court to extend the time of appeal or allow it nunc pro tunc.

Order reversed and appeal to lower court stricken.