## Banton Unemployment Compensation Case.

Argued September 14, 1960. Before WRIGHT, WOOD-SIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., and GUNTHER, J., absent).

*Viola L. Banton,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., November 16, 1960:

On April 4, 1959, Viola L. Banton was separated from her last employment at the Frankford Arsenal in Philadelphia. She thereafter filed an application for unemployment compensation benefits. On July 27, 1959, the Bureau of Employment Security ruled that claimant had voluntarily terminated her employment without cause of a necessitous and compelling nature, and that she was therefore disqualified under the provisions of Section 402(b) of the Unemployment Compensation Law. Act of December 5, 1936 [1937] 2897, 43 P.S. 751 et seq. On the same date, the Bureau's determination of ineligibility was mailed to claimant at her residence, 1543 West Pike Street, Philadelphia 40, Pennsylvania. Claimant first learned of this decision on August 10, 1959, upon her return from a short tour of duty in the military service. On December 29, 1959, she filed an appeal from the Bureau's determination. After a hearing on January 27, 1960, the Referee dismissed the appeal on the ground that it was not filed within the appeal period provided for in Section 501(e) of the statute. Claimant then filed an appeal from the decision of the Referee. On March 28, 1960,

the Unemployment Compensation Board of Review affirmed the Referee's decision. Claimant has now appealed to this court.

Section 501(e) of the Unemployment Compensation Law (43 P.S. 821) provides that the determination of the Bureau shall be final unless claimant files an appeal "within ten (10) calendar days after such notice was delivered to him personally, or was mailed to his last known post office address". If this claimant had appealed within ten days from August 10, 1959, a different question might be presented. However, our examination of the record discloses (1) that claimant admittedly became aware of the Bureau's determination upon her return from military duty on August 10, 1959; and (2) that she offered no excuse whatever for her delay of over four months in filing the appeal. Under the circumstances, the Referee was without jurisdiction to consider the claim on the merits. We have no alternative other than to affirm the decision of the Board. See *Perri Unemployment Compensation Case,* 191 Pa. Superior Ct. 476, 159 A. 2d 67; *Silvio Unemployment Compensation Case,* 191 Pa. Superior Ct. 211, 156 A. 2d 353; *Pisani Unemployment Compensation Case,* 184 Pa. Superior Ct. 35, 132 A. 2d 760; *Turner Unemployment Compensation Case,* 163 Pa. Superior Ct. 168, 60 A. 2d 583; *Tuttle Unemployment Compensation Case,* 160 Pa. Superior Ct. 46, 49 A. 2d 847.

Decision affirmed.