## Massey Unemployment Compensation Case.

Argued March 23, 1961. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Meyer Charles Rose,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with
him *Anne X. Alpern,* Attorney General, for Unemploy-
ment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., April 13, 1961:

On November 21, 1958, Raymond Massey filed an
application for unemployment compensation benefits,
alleging, inter alia, that he had a valid separation
from his last employment with Golf Park of New Jer-
sey, Route 206, Whitehorse, New Jersey. His address
was given as 1415 E. Upsal Street, Philadelphia, Penn-
sylvania. As a result of this application, Massey re-
ceived checks through June 25, 1959. On November
21, 1959, Massey filed another application based on a
separation from the same employer, again giving the
Upsal Street address. As a result of this second ap-
plication, Massey received checks through May 6, 1960.
On June 20, 1960, the Bureau of Employment Security
determined that Massey was not eligible to receive

benefits under either application.[1]  On the same date
the Bureau's determination was mailed to Massey at
the Upsal Street address.  Massey did not appeal from
this determination until July 14, 1960, following the
receipt by him of a notice relative to overpayment.
The Referee dismissed the appeal on the ground that
it was not timely filed.  The Board of Review affirmed
the decision of the Referee, and the instant appeal to
the Superior Court followed.

Section 501(e) of the statute provides that the de-
termination of the Bureau shall be final unless claim-
ant files an appeal "within ten (10) calendar days
after such notice was delivered to him personally, or
was mailed to his last known post office address".
Claimant asserts that he did not have actual notice
of the Bureau's determination until July 8, 1960, and
that he filed his appeal within ten days from that
date.  He argues that the notice from the Bureau
"was mailed neither to his correct address, nor to his
'last known address' ".  He contends that, since the
Bureau had arrived at the conclusion that he was not
a resident of Pennsylvania, "the Bureau did not be-
lieve that Upsal Street was the residence of appellant
on June 20, 1960".  However, claimant admitted that
1415 E. Upsal Street was his correct address, that
there was someone at that address to receive his mail,
and that he had not appealed in time merely because
he was out of town.  His testimony was as follows:

"Q. Sir, I show you the date on the determination
notice that appears on the upper right hand corner,

---

[1] The reasons assigned by the Bureau were that Massey was
not a bona fide resident of Pennsylvania, that he was not to-
tally unemployed, that his wages were fraudulently reported, and
that both applications were invalid under the provisions of Sec-
tion 401(c) and (d) as defined in Section 4(u) and (w) of
the Unemployment Compensation Law. Act of December 5, 1936,
P. L. (1937) 2897, 43 P.S. 751 et seq.

the original copy was sent to you. I call your attention to the date at the lower left hand side which tells you the last day to file an appeal which is June 30, 1960. Now I show you the perfective appeal from line 15 which says you filed that appeal on Thursday, July 14 in person, is that correct? A. Right. Q. Do you have any reason why you didn't file an appeal within 10 days? A. I was out of town at the time, didn't receive the notification from the Bureau. Q. Is 1415 E. Upsal St. your correct address and was that your address at that time also? A. Right. Q. Is there no one there to receive mail for you? A. Yes, there is. I was out at Cleveland, Ohio, at the time. Q. When you leave home don't you make provisions for the receipt and handling of mail when you're away from home? A. Never receive that much mail that's that important as a general rule".

Our examination of this record discloses that the evidence supports the finding of the Referee and the Board that the Bureau's determination was mailed to claimant's last known post office address, and that it was delivered to that address in due course. Claimant may not here complain about his failure, if such there was, to make provision for his mail to be forwarded. He does not assert that he was in any way misled or misinformed as to his right of appeal. Under the circumstances we have no alternative other than to affirm the decision of the Board. See *Banton Unemployment Compensation Case*, 193 Pa. Superior Ct. 356, 165 A. 2d 90; *Kasarian Unemployment Compensation Case*, 194 Pa. Superior Ct. 344, 168 A. 2d 804.

Decision affirmed.