## Beardsley Appeal

*John O. Platt, Jr.,* for appellants.

*Douglas D. Royal, Charles F. G. Smith* and *Griffith, Kurtz & Smith,* for appellee.

LICHTENFELD, J., June 13, 1961.—This is a zoning matter on appeal from an order of the Board of Adjustment of Tredyffrin Township, a second class township, allowing a variance under the Tredyffrin Township Zoning Ordinance of 1939, as amended, to permit, inter alia, the use of a vacant lot, owned by intervenors, Richard A. Whiting and May W. Whiting, for the erection of a single family dwelling.

There are presently before the court two petitions for disposition. One is a petition by intervenors to quash the appeal on the ground that the appeal was taken more than 30 days after the decision of the board of adjustment had been made. The other petition is on behalf of appellants asking leave to appeal nunc pro tunc.

On June 23, 1960, after due advertisement, a public hearing was held by the Board of Adjustment of Tredyffrin Township, upon an application made by intervenors, owners of contiguous lots no. 9 and no. 10 on Rosedale Avenue, for a variance or, in the alternative, for a special exception under the zoning ordinance to permit, inter alia, the use of vacant lot no. 9 for the erection of a single family dwelling. On the same evening the board of adjustment passed a resolution permitting the variance, and the township solicitor was directed to prepare a written opinion.

Approximately one week after the hearing, appellant, Mitchell W. Beardsley, spoke with the Township Manager and Zoning Officer of Tredyffrin Township, Mr. Clyde Stone, who was not present at the zoning hearing, at which time Mr. Beardsley told Mr. Stone that he wished to be advised of the decision in the matter, and Mr. Stone told Mr. Beardsley that according to section 1007 of the township zoning ordinance, he had 30 days after the opinion was sent to him in which to appeal. Mr. Beardsley called Mr. Stone at a later date and was told that no opinion had been handed

down and reiterated the time in which an appeal could be taken. Mrs. Eleanor P. Beardsley also called Mr. Stone, who read section 1007 of the zoning ordinance to her and told her that they had 30 days from the date of the opinion to file an appeal.

Approximately two weeks after the hearing, between July 5th and 15th, another appellant, Mr. John E. Hartshorn, a member of the bar of the District of Columbia, telephoned the township office and spoke to Mr. Stone asking to be notified of the action and decision of the board of adjustment and was assured that this would be done. Mr. Stone also stated at this time that no decision had been reached. About two weeks later Mr. Hartshorn called Mr. Stone again at which time Mr. Stone stated to him that a decision had been reached but that no opinion had been prepared, and that he would receive a copy as soon as it was available. Mr. Stone also assured Mr. Hartshorn that he did not have to worry about an appeal until the opinion came down. Mr. Hartshorn never received notice from the board of adjustment of the filing of the opinion.

The provision of section 2007 of the Second Class Township Code of May 1, 1933, P. L. 103, as amended, 53 PS §67007, added June 10, 1947, P. L. 1481, that the failure of the Board of Adjustment to act within 45 days of the hearing was to be deemed a ruling in favor of the application was called to Mr. Stone's attention by the township solicitor when he prepared the written opinion.

Within 30 days of the hearing, the group decided not to appeal until after the opinion was filed, at which time they would review the matter and confer with their potential attorney. This decision was based on what Mr. Stone told them and upon the advice of their counsel after consultation with him.

In answer to a letter dated July 30, 1960, sent by another appellant, Lt. Col. A. C. Dapprich, to the board

of adjustment, Mr. Stone replied on August 3rd that the decision was pending and a copy would be sent to him when available.

The 45-day period for making a decision expired on August 7, 1960.

On or about August 24th, Mr. Platt, attorney for intervenors, notified Mr. Riley, solicitor for the board of adjustment, that the 45-day period having expired it was their position that a favorable decision had been rendered.

Subsequently, on September 21, 1960, a written opinion was filed by the board of adjustment granting the variance to intervenors.

On October 5, 1960, the court upon petition of appellants issued a writ of certiorari to review the decision of the board of adjustment.

On December 23, 1960, intervenors filed the motion to quash and on January 6, 1961, appellants filed their motion to allow the appeal nunc pro tunc.

The petition to quash the appeal must be sustained. The Second Class Township Code of May 1, 1933, as amended, fixes 30 days from the date of the decision as the time within which an appeal must be perfected, and since this appeal was not filed within that time it must be quashed: W. W. Grainger, Inc., v. Ruth, 192 Pa. Superior Ct. 446, 449; Banton Unemployment Compensation Case, 193 Pa. Superior Ct. 356; Singer v. Del., L. & W. R. R. Co., 254 Pa. 502.

However, the prayer of the petition to allow the appeal nunc pro tunc must be granted.

Where an Act of Assembly, such as the one involved here, fixes the time within which an appeal may be taken, courts have no power to extend such time for appeal or to allow an appeal nunc pro tunc, except where there is a showing of fraud or its equivalent. Something more than mere hardship is necessary to justify an extension of time or an allowance of an ap-

peal nunc pro tunc: Marshall Unemployment Compensation Case, 177 Pa. Superior Ct. 259, 261; W. W. Grainger, Inc., v. Ruth, 192 Pa. Superior Ct. 446, 449; Nixon v. Nixon, 329 Pa. 256; Anthony v. Sanitary Water Board, 178 Pa. Superior Ct. 78, 81.

The burden is upon appellants to show facts which would place them within the principle that when a party has been prevented from doing an act through fraud or its equivalent, i.e., ignorant or negligent acts of an administrative official, power exists to allow an appeal nunc pro tunc, if prosecuted within a reasonable time: Von Kaenel Unemployment Compensation Case, 163 Pa. Superior Ct. 173, 177; Southwest Philadelphia Plumbing Supply v. Catanzaro, 181 Pa. Superior Ct. 209; Anthony v. Sanitary Water Co., supra.

We believe that appellants have met the burden cast upon them by showing that the conduct emanating from Mr. Clyde Stone, the township manager and zoning officer charged with the administering of the zoning ordinance, misled them to their detriment. Appellants have also shown that they are innocent parties.

Although the board of adjustment had on June 23, 1960, immediately after the public hearing, granted the intervenors' application for a variance, Mr. Stone had on several occasions thereafter and as late as August 3rd, advised various appellants in answer to their inquiries that a decision was still pending.

It was in the early part of August that Mr. Stone advised one of appellants, John E. Hartshorn, that a decision in favor of intervenors had been granted, but he reiterated to appellant that they had 30' days from the date of filing of the opinion to appeal from the decision.

Mr. Stone admitted that, when he spoke to Mr. Beardsley, he did not have in mind the provision of the Second Class Township Code that the failure of the board of adjustment to file a decision within 45 days

after the hearing shall be deemed a decision favorable to the applicant. This provision was brought to his attention by the solicitor when he prepared the opinion. It is therefore apparent that Mr. Stone thought and advised that the decision was to be rendered by the filing of the opinion.

Appellants do not rely upon ignorance of the law, or the mistake or neglect of their attorney, which are not reasons for allowing an appeal nunc pro tunc: 2 P. L. Encyc. 329, §192. Nor do they rely upon a lack of knowledge or notice of the entry of the decision: W. W. Grainger, Inc., v. Ruth, 192 Pa. Superior Ct. 446, 449; Adelman, Trustee, v. John McShain, Inc., 148 Pa. Superior Ct. 138. They contend they were unintentionally misled by an officer who was authorized to act in the premises, and being innocent parties should be relieved of injury consequent on such misleading act: Marshall Unemployment Compensation Case, 177 Pa. Superior Ct. 259, 262; Tuttle Unemployment Compensation Case, 160 Pa. Superior Ct. 46, 47.

A careful review of the evidence requires a finding that appellants were misled by Mr. Stone as to whether a decision had been rendered and also as to when the time for appeal began. The testimony of Mr. Hartshorn, Lt. Col. A. C. Dapprich and Mr. Stone in this regard is sufficient.

We believe that appellants, under these peculiar circumstances, had a right to rely upon the statements of the township manager and zoning officer, although one of appellants was a member of the bar of the District of Columbia, and appellants had consulted an attorney within 30 days of the hearing to determine his availability in case they wished to appeal.

### Order

And now, June 13, 1961, the prayer of the petition to quash is granted, the rule to show cause is made absolute, and the appeal is quashed.

The prayer of the petition to allow an appeal nunc pro tunc is granted, the rule to show cause is made absolute, and the appeal is allowed nunc pro tunc.

Let writ of certiorari issue nunc pro tunc to review the decision of the Zoning Board of Adjustment of Tredyffrin Township, returnable within 20 days from the service thereof. The said board of adjustment may certify the records, executions and proceedings in this matter by reference to the records, executions and proceedings heretofore certified in the original appeal, without the necessity of duplicating the same; such records, executions and proceedings heretofore filed shall be considered as having been returned to the court with the return of the certiorari hereby directed to issue.