DeVito Unemployment Compensation Case.

Argued November 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*August C. Damian,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION PER CURIAM, December 12, 1962:

On November 6, 1961, the Bureau of Employment Security issued a decision disqualifying claimant from receiving benefits on the ground that he voluntarily terminated his employment without a compelling rea-

son. A copy of this decision was mailed to claimant at his last known post office address on the same day and was not returned as "undeliverable." The notice accompanying the decision stated that November 16, 1961, was the last day on which to file an appeal from this determination.

Claimant did not file an appeal on or before November 16, 1961, but waited until November 21, 1961, before filing his appeal. It does not appear that claimant was misinformed or misled in any way regarding his right of appeal. The referee and the Unemployment Compensation Board of Review held that claimant did not timely file his appeal within the provision of section 501(e) of the Unemployment Compensation Law, 43 PS §821(e), which provides that appeals must be taken from the action of the bureau within ten calendar days after notice of the action is mailed to the claimant's last known post office address. From the board's decision claimant has appealed to this Court.

We have held that the Board of Review has no power to extend the time of appeal in the absence of a showing of fraud or its equivalent. *Silvio Unemployment Compensation Case,* 191 Pa. Superior Ct. 211, 213, 156 A. 2d 353.

Claimant was afforded the opportunity at two separate hearings before a referee to submit evidence. However, no evidence of any probative value was deduced. The bureau's decision with notice, properly addressed and not returned by the postal authorities, is presumed to have been received. *Perri Unemployment Compensation Case,* 191 Pa. Superior Ct. 476, 478, 159 A. 2d 67.

The decision of the board is affirmed.