## Anania v. Armstrong Hotel Corporation

*Alexander T. Stein,* and *Stein, Storb & Mann,* for plaintiff.

*David Stahl,* Attorney General, *Albert D. Stewart,* Assistant Attorney General, and *Jack B. Horner,* for Commonwealth, claimant.

JOHNSTONE, J., March 8, 1963.—By virtue of a warrant of attorney contained in a bond accompanying a mortgage given by Armstrong Hotel Corporation (Hotel) to certain named Trustees of Local 76-B Pension Fund (Trustees), dated April 19, 1960 and covering premises known as 105-107 East King Street and 21 North Duke Street, Lancaster, Pa., judgment was

entered on July 24, 1962, in favor of the Trustees and against the Hotel in the sum of $383,716.68. Thereafter, on August 17, 1962, execution was issued on the judgment and the Sheriff of Lancaster County levied on the real estate covered by the mortgage. The real estate was sold by the sheriff on September 26, 1962, for $11,493.92 to the Trustees.

The sheriff filed a schedule of distribution of the proceeds of the sale after being ruled to do so by the Commonwealth of Pennsylvania. In the distribution, the sheriff proposed to pay, first the costs, then the corporation tax due the Commonwealth and finally the local tax liens and claims. Exceptions to the proposed distribution have been filed by the Commonwealth because the distribution fails to provide for the payment of six tax liens filed by the Commonwealth.

Three of the Commonwealth liens were filed against the Hotel for unpaid sales taxes in the sums of $720.97, $652.21 and $931.78. Counsel for the Hotel at the argument of the exceptions before the court en banc agreed that these three liens are entitled to priority over local tax liens and claims, and that the exception as to the liens involving unpaid sales taxes may be sustained and the sheriff directed to pay these liens, together with penalties and interest, before payment of any local tax liens and claims.

The other three tax liens filed by the Commonwealth are for unpaid hotel occupancy tax. The first of these liens was filed in the Prothonotary's office of Lancaster County on September 15, 1961 to State Tax Lien Docket No. 1, page 84, in the sum of $787.30, and against Thomas Manuel, Morris Weinberger and Leon Jacobs, t/a Douglas Hotel. The other two liens were filed on December 13, 1961 and April 5, 1962 to STL Doc. no. 1, pages 133 and 172, in the sums of $954.72 and $903.72 and against Douglas Hotel. It is noted that none of these three liens mentioned the Hotel, the owner of the

real estate, as a party against whom the liens are filed.

If the last mentioned group of three liens for unpaid hotel occupancy tax are properly filed, they would also be entitled to priority over local tax liens and claims: Selective Sales and Use Tax Act of December 30, 1959, P. L. 2046, 72 PS §3403-548(b) ; Blue Ball Nat'l. Bank v. Diller, 53 D. & C. 445. The Trustees argue, however, that these three liens were not properly filed and indexed against the Hotel, the owner of the property sold at judicial sale, and the liens are, therefore, not entitled to payment out of the proceeds of the sale. We must determine whether the manner in which the three hotel occupancy tax liens were filed is notice, actual or constructive of their existence to a third party purchaser at a judicial sale.

Section 548 (a) makes the unpaid tax a lien against the real and personal property of the person liable to pay the tax after the claim has been entered and docketed by the prothonotary of the county where the property is located. The same section requires the prothonotary receiving such liens to enter and docket the same and to index the lien as judgments are indexed. No complaint is made that the Prothonotary of Lancaster County did not do with these liens exactly what the act requires him to do. Any fault there may be with the liens in question is the fault of the Commonwealth which filed the liens against a person or persons other than the owner of the real estate. Unless it can be determined from the record before us that the liens in question, as filed, constitute notice to purchasers at a judicial sale, then we must deny the Commonwealth's right to priority payment out of the proceeds of the sale and dismiss the exception as to the hotel occupancy tax liens.

The Commonwealth argues that the registration by the hotel in Lancaster County to do business under the fictitious name "Douglas Hotel" pursuant to the Act

of July 11, 1957, P. L. 783, sec. 1, et seq., 54 PS §81, et seq. constitutes sufficient notice to all persons who have any dealings with the Hotel of the use of the fictitious name and that liens entered against the fictitious name are valid as to the Hotel and all others dealing with the Hotel. One fatal difficulty with this argument is that there is no record before us of any fictitious name registration by the Hotel. The only information we have of any such registration is contained in the brief of the Attorney General and we cannot consider facts which are not properly a part of the record: W. W. Grainger, Inc. v. Ruth, 192 Pa. Superior Ct. 446, 449. This also applies to the hotel occupancy tax license application and the quarterly returns attached as exhibits A and B to the Attorney General's brief.

Even if the fictitious name registration was properly before us, we do not think the position of the Commonwealth would be improved. In Rowland v. Canuso, 329 Pa. 72, the court held that the purpose of the Fictitious Names Act was to protect those who deal with persons carrying on a business under an assumed name, to enable them to know with whom they do business and to identify those against whom claims should be made. In our opinion the purpose of the Fictitious Corporate Name Act is the same. We do not consider that it is incumbent on a careful searcher to examine the fictitious name index to determine whether a corporation is registered under an assumed name. The purpose of the act was not to give notice of the registration but to regulate the doing of business by a corporation under a fictitious name.

The Commonwealth also argues that its filing of what it designates as a "priority claim" with the sheriff on the day the sheriff sale was held constitutes actual notice of the existence of its tax liens. Here again, the only information we have about the filing of such a "priority claim" is contained in the Attorney

General's brief. We have not seen the "priority claim"; do not know what it contains; and have not had pointed out to us any authority for the filing of such a claim. It was admitted at the argument of this case that no public announcement of the "priority claim" was made at the sheriff sale. We are satisfied that the Commonwealth must depend on the record of its liens filed in the office of the prothonotary for notice to third persons of the existence of the liens.

We are, therefore, faced with the simple question, are purchasers of real estate at a sheriff sale chargeable with notice of tax liens filed against Douglas Hotel in an execution against Armstrong Hotel Corporation? We think the answer to this question is clearly no.

The principles upon which the indexing of a judgment constitutes constructive notice are stated in Coral Gables, Inc. v. Kerl, 334 Pa. 441, at page 447: "It is not necessary that the name of the judgment debtor as docketed and indexed should be letter-perfect. . . . Each case must depend upon concomitant circumstances. The freedom with which persons use their names in various forms demands a corresponding flexibility in the law if it is to conform to the habits and usages of life rather than be unduly technical. The sole function of a name is to identify the person whom it is intended to designate, and therefore all that is legally necessary in the docketing and indexing of judgments is that the defendant should be individuated with a degree of accuracy sufficient either to lead a reasonably careful searcher to conclude that he is the person who is the object of the search, or to suggest to the searcher the wisdom of inquiry to ascertain the fact. Where there is enough to put an ordinary prudent person upon guard, inquiry becomes a duty, and if an investigation, reasonably pursued, would disclose the identity of the judgment debtor, the subsequent lienor is bound by notice of the previous judgment even though inaccurately recorded."

524

In the absence of actual notice, any proof of which is missing here, we do not consider a lien filed and indexed against Douglas Hotel to be constructive notice of a lien against Armstrong Hotel Corporation. The names do not sound anything alike nor is the spelling at all similar. The defendant in the lien and on the judgment index is not individuated with such accuracy as to lead a reasonably careful searcher to conclude that the Douglas Hotel is the same person as Armstrong Hotel Corporation or even to suggest the wisdom of further inquiry. Had these liens been properly filed and indexed against Armstrong Hotel Corporation trading as Douglas Hotel, if such is the fact, then there could have been no room for doubt about proper notice having been given. But a lien filed and indexed against Douglas Hotel, without more, is not a valid lien against Armstrong Hotel Corporation, at least not for the purpose of distributing the proceeds of a judicial sale on an execution against Armstrong Hotel Corporation.

And now, March 8, 1963, the exception of the Commonwealth of Pennsylvania relating to the priority of the three sales tax liens is sustained and the Sheriff of Lancaster County is directed to prepare a new schedule of distribution in which the liens filed to State Tax Lien Docket no. 1, pages 96, 129 and 196, in the respective sums of $720.97, $652.21 and $931.78, together with penalties and interest, are paid before any local tax liens or claims are paid. The exception of the Commonwealth relating to the payment of the liens for hotel occupancy tax filed against the Douglas Hotel is dismissed and it is determined that John Anania et al., trustees of Local 76-B Pension Fund, the purchaser of the real estate at the sheriff sale, take the said real estate clear of any claim of the Commonwealth for unpaid hotel occupancy tax represented by claims filed to State Tax Lien Docket no. 1 at pages 84, 133 and 172.