## Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Joseph Duffy, Appellant.

Argued December 5, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Stuart R. Lundy*, with him *Silvers & Aronstein*, for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, January 15, 1976:

Joseph Duffy (Duffy) filed for unemployment compensation benefits and, on November 6, 1974, received from the Bureau of Employment Security a written Notice of Determination, dated and mailed November 4, 1974. This Notice of Determination denied Duffy benefits and, on November 15, 1974, he filed an appeal from this determination with the Unemployment Compensation Board of Review (Board).

Section 501(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §821(e), states:

"(e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within ten (10) calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith."

Statutory requirements for the perfecting of an appeal are jurisdictional. *Luckenbach v. Luckenbach,* 443 Pa. 417, 281 A.2d 169 (1971); *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 214 A.2d 203 (1965). Duffy offered the following record explanation for his failure to file his appeal on or prior to November 14, 1974:

REFEREE: "Up in the upper right hand corner beside your name is a right of appeal. You see it here.

And, it says: 'If you disagreed with this determination, you should ask the local office interviewer for an explanation. If you are not dissatisfied [*sic*] with the explanation, you may appeal. If you wish to file an appeal, you must do so, and this is underlined, *within 10 days* from the date shown above.' Now. That meant that you would have had to have appealed by Thursday, November the 14th." (Emphasis in original.)

CLAIMANT: "Yeah."

REFEREE: "But you did not. You went in on the next day, the 15th and appealed."

CLAIMANT: "Yeah. And the reason being is that when I got this notice, I didn't realize that the date was the 14th. I figured that it was the 15th or 16th on, and I had to report on the 15th. See my card here. And that is the reason why I went on the 15th. If I had known that that was the 11th day, I would have been here before on the 14th."

REFEREE: "You didn't read this very well."

CLAIMANT: "I didn't read the date very carefully. I just assumed that when I got the mail a day or 2 later, it would be the 15th or 16th. I just added 10 days on and I looked at my card here and I said 'Well, this will be the 10th day, the 15th.' So I went in there and then I made this appeal on the 15th, thinking it was the 10th day when naturally it was the 11th. Do you see?"

REFEREE: "Yes. I do see. All right now. Is there anything else that you would like to tell me?"

CLAIMANT: "No. Just that if I had known that this 15th was the 11th day, I would have been in early but I. . . ."

REFEREE: "There was nothing. . . . There was no reason that would have prevented you from going in sooner?"

CLAIMANT: "No. No. But I thought that the 15th. . . . I figured that I'll be here anyhow to sign

because of the holiday. I might as well make my appeal and I considered that the 10th day. Now I really didn't look at the date of the 4th up there. I thought that. . . ."

REFEREE: "I see."

CLAIMANT: "I figured on the day I got it in the mail which was the 5th or 6th, added 10 days and I looked on here and thought 'Well, I'm going to be in here anyhow. It's the 10th day. I might as well do it then.' And that's it, you know."

On December 13, 1974, a referee dismissed Duffy's appeal as being filed beyond the statutory 10-day period for filing. On March 26, 1975, the Board disallowed further appeal from the referee's decision. These rulings are the only ones the law would permit on the facts here. The requirements of Section 501(e) of the Unemployment Compensation Law are mandatory in the absence of fraud or manifestly wrongful or negligent conduct by the administrative agency. *Sanabria v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 42, 317 A.2d 56 (1974).

The referee specifically found that Duffy "was not misinformed nor in any way misled regarding the right of appeal." Although Duffy now argues to the contrary, this record supports only the finding made by the referee on this crucial point.

We regret the claimant's miscomprehension of the applicable appeal period provided by law. However, his own testimony places the responsibility for the delay in filing the appeal on himself rather than on the agency.

Accordingly, we enter the following

ORDER

Now, this 15th day of January, 1976, the order of the Unemployment Compensation Board of Review, dated March 26, 1975, disallowing further appeal in the above matter, is hereby affirmed.