Gary Stein, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*David Kraut*, for petitioner.

*Susan Shinkman*, Assistant Attorney General, with her *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., November 23, 1977:

Gary Stein (Claimant) asks this Court to reverse a decision of the Unemployment Compensation Board of Review (Board) which dismissed his appeal pursuant to Section 501(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821 (e).

Claimant was last employed in the Photography Department of the Community College of Philadelphia. In April of 1975, he applied for unemployment compensation benefits. The Bureau of Employment Security (Bureau) on June 9, 1975, denied benefits relying upon Section 402(b)(1) of the Act, 43 P.S. §802(b)(1). On September 3, 1975, Claimant appealed this determination. The record indicates that the referee assigned to the appeal sent Claimant a letter dated September 9, 1975, informing him that his appeal was untimely. This letter also noted that Claimant could request a hearing on the sole issue of whether the appeal was timely. Claimant requested and was granted a hearing on the issue of timeliness. Upon dismissal of his appeal by the referee, Claimant appealed to the Board which, in turn, upheld the referee's ruling. Though not disputing that his appeal was filed beyond the time limit set forth in Section 501(e) of the Act, Claimant nevertheless argues that his appeal should be allowed, contending that he was unintentionally misled by an official of the Bureau.

Section 501(e) of the Act, at the time relevant to the chronological framework outlined above, read, in part, as follows:

(e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished

by the department under section five hundred one (a), (c) and (d), within ten (10) calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.[1]

As we said in *Unemployment Compensation Board of Review v. Duffy*, 23 Pa. Commonwealth Ct. 7, 10, 349 A.2d 925, 927 (1976):

> The requirements of Section 501(e) of the Unemployment Compensation Law are mandatory in the absence of fraud or manifestly wrongful or negligent conduct by the administrative agency.

Claimant argues that the Board's finding that "[t]he claimant was not misonformed [sic] not [sic] misled by the Bureau regarding the right of appeal" is not supported by the evidence. A review of the record convinces us that Claimant's contention is without merit.

The Bureau's determination mailed to Claimant on June 9, 1975, contained the following sentence:

> Under Section 501(e) of the Pennsylvania Unemployment Compensation Law, this determination becomes final unless an appeal is filed *within 10 days.* (Emphasis in original.)

In response to the referee's questions, Claimant admitted that he had received and read the Bureau's determination.

Moreover, the testimony of a Bureau representative who spoke to Claimant at the Bureau's office es-

---

[1] Section 501(e) was subsequently amended to read "fifteen calendar days."

tablishes that in this conversation she reiterated the statement contained within the Bureau's notice. Though this representative did not specifically inform Claimant of the consequences of filing a late appeal, she said:

> And I told Mr. Stein, if he was in on the 16th, he had three more days to file the appeal and if it was filed later than the tenth day, it would be considered a late appeal.

In response to a question by Claimant's counsel, the Bureau representative stated that she had not told Claimant that the appeal, if filed beyond the 10-day limit, would be considered timely. Moreover, Claimant admitted that the Bureau representative "wanted me to fill it out right there on the spot something which I was reluctant to do." There can be no doubt that, in light of this testimony, and the Bureau's letter which was received and read by Claimant, the Board's finding that he was not misled by the Bureau is supported by substantial evidence of record.

Since Claimant's appeal was not filed within 10 days of the Bureau's determination denying benefits and since Claimant has been unable to establish either fraud or wrongful or negligent conduct by the Bureau, the Board acted properly in dismissing Claimant's appeal.

Accordingly, we

### ORDER

AND Now, this 23rd day of November, 1977, the decision of the Unemployment Compensation Board of Review is hereby affirmed.