Karen K. McTamney, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 7, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Joseph L. DiTomo, Jr.,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 13, 1980:

Petitioner Karen K. McTamney appeals from the determination of the Unemployment Compensation Board of Review that her appeal from the denial of benefits by the Bureau of Employment Security[1] was untimely filed. The Board's order affirmed the referee's decision to dismiss her appeal on that basis.

The petitioner was terminated as a substitute school teacher. On July 6, 1977 she filed for unemployment benefits. The Bureau of Employment Security determined that she was ineligible for benefits, with written notification of that determination being issued and mailed on August 17, 1977. Ms. McTamney's appeal from that determination was not filed until September 7, 1977, more than twenty days after the notice was mailed.

The referee and the Board concluded that the petitioner's appeal from the Bureau's determination was untimely, under Section 501(e) of the Unemployment Compensation Law. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §821 (e). Section 501(e) provides:

---

[1] The Bureau of Employment Security was renamed the Office of Employment Security in August 1979. Since the agency bore the old name at all times material to this decision, that is the name used in this opinion.

Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one(a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

At the referee's hearing, Ms. McTamney testified that she never received the August 17, 1977 notice of determination from the Bureau, stating that she had experienced mail delivery problems. The referee found that the mailed notice of determination had not been returned by the postal authorities as undelivered. The referee also found that the Bureau had not misled the petitioner concerning her right to appeal.

The requirements of Section 501(e) are mandatory in the absence of fraud or manifestly wrongful or negligent conduct by administrative officials. *Stein v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 488, 379 A.2d 1076 (1977); *Unemployment Compensation Board of Review v. Duffy,* 23 Pa. Commonwealth Ct. 7, 349 A.2d 925 (1976).

Where notice is mailed to a claimant's last known address and not returned by the postal authorities as undeliverable, the claimant is presumed to have received it and is barred from attempting to appeal after the expiration of the appeal period provided in Section 501(e). *Mihelic v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 546, 399 A.2d 825 (1979); *DeVito Unemployment Compen-*

*sation Case,* 199 Pa. Superior Ct. 606, 186 A.2d 639 (1962).

A review of the record reveals no evidence of wrongdoing or negligence on the part of the Bureau or any administrative agent. The petitioner points to the fact that the Bureau failed to include the designation "2nd floor" as part of her mailing address. However, she does not argue that the notice of determination did not reach her because of that omission. The record indicates that Ms. McTamney herself did not include "2nd floor" as part of her mailing address when she completed her application for benefits. If the petitioner had been experiencing difficulties with mail delivery, as she declared, there is no indication that she advised the Bureau of any such problem when she applied for benefits.

We must conclude that the petitioner's appeal, from the Bureau's adverse determination, was beyond the 15-day period mandated by Section 501(e) of the Law. Accordingly, we affirm the Board's order, for that reason.

### ORDER

AND Now, this 13th day of May, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-156133, dated April 11, 1978 is hereby affirmed.