## Marinoff Unemployment Compensation Case.

Argued December 13, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Stanley W. Bluestine,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY RHODES, P. J., March 22, 1961:

Claimant in this unemployment compensation case was last employed by M. Buten and Sons, Philadelphia. He had a valid separation therefrom on May 14, 1959.

Claimant filed an application for benefits, effective May 15, 1959, and he subsequently signed for, and received, unemployment compensation for thirty weeks without having had intervening employment.

On December 7, 1959, the Legislature added section 4(w)(2), Act of December 17, 1959, P. L. 1893, 43 PS §753(w)(2), to the Unemployment Compensation Law. Section 4(w)(2) of the Law now provides:

"(2) An application for benefits filed within ninety (90) days after the termination of a preceding benefit year by an individual who has had no work, whether or not such work is in 'employment' as defined in this act, during the last fifty-one weeks of such preceding benefit year shall not be considered a Valid Application for Benefits within the meaning of this subsection, unless such individual has, subsequent to the exhaustion of benefits during such preceding benefit year, maintained an active registration for work in a public employment office by personal visits thereto at intervals of not more than sixty (60) days, or if such individual has refused to accept suitable work, whether or not such work is in 'employment' as defined in this act, subsequent to such exhaustion."

When claimant filed his last claim, on December 23, 1959, he was given Form UC-483 A for which he signed acknowledging that he understood the contents of that form which explained the provisions of section 4(w)(2).

Claimant did not report to the local office within the sixty-day period following his appearance on December 23, 1959, because, he claimed, he did not remember that he had been instructed to do so. Claimant did appear at the local office on February 24, 1960, which was sixty-three days subsequent to his last visit on December 23, 1959.

The referee and the Board of Review concluded that claimant's application for benefits for his second benefit year, effective May 15, 1960, was invalid under the provisions of section 4(w)(2) defining a valid application under section 401(c) of the Law, 43 PS §801(c).

Claimant first argues that the evidence was insufficient to justify the board's finding of fact that claimant was given Form UC-483 A. Claimant denied that he ever received the form or that its contents were explained to him. However, the testimony of the bureau representative disclosed that claimant was apprised of the requirements of section 4(w)(2), and that claimant signed a statement indicating he received Form UC-483 A which explained the provisions of the section.

A review of the record indicates that there is sufficient evidence to support the findings of the board. The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom were for the board as the ultimate fact finders. *McDonald Unemployment Compensation Case,* 192 Pa. Superior Ct. 274, 275, 161 A. 2d 625; *Hamilton Unemployment Compensation Case,* 181 Pa. Superior Ct. 113, 119, 124 A. 2d 681.

Claimant also argues that the time limitation established in section 4(w)(2) should not be construed to be of the essence. We do not agree. We have construed time to be of the essence under other provisions of the Unemployment Compensation Law. In *Perri Unemployment Compensation Case,* 191 Pa. Superior Ct. 476, 478, 159 A. 2d 67, 68, we said: "The time limits prescribed by the Unemployment Compensation Law for the taking of an appeal are mandatory, and, in the absence of fraud or its equivalent courts and administrative bodies are without power to extend the appeal period." When a statute fixes the time within which an act must be done, the courts have no power to enlarge it. *Turner Unemployment Compensation Case,* 163 Pa. Superior Ct. 168, 171, 60 A. 2d 583.

Section 4(w)(2) requires only that an applicant maintain an active registration for work by making personal visits to a public employment office at intervals of not more than sixty days. This same claimant

made weekly visits to the employment office during the time in which he was receiving his weekly benefits. We fail to see what hardship would be imposed upon this claimant or any claimant by declaring the clear and explicit provisions of this section to be mandatory.

Decision affirmed.