## Crompton Unemployment Compensation Case.

Argued December 13, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Martha S. Crompton,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION PER CURIAM, March 22, 1961:

Claimant in this unemployment compensation case was last employed by the Charles Bond Company, Phil-

adelphia. She had a valid separation therefrom on April 10, 1959.

Claimant filed an application for benefits, effective April 11, 1959, and she subsequently signed for, and received, unemployment compensation for thirty weeks without having had intervening employment.

When the claimant filed her last claim, on January 5, 1960, she was advised, as found by the Board of Review, of the provisions of section 4(w)(2) of the Act of December 17, 1959, P. L. 1893, 43 PS §753(w)(2).[1]

The board also found that claimant did not report to the local office within a sixty-day period following her appearance on January 5, 1960, that she did appear on April 5, 1960, and that she filed an application for benefits on April 12, 1960, to begin her second benefit year, effective April 11, 1960, without having had intervening employment.

The referee and the Board of Review concluded that claimant's application for benefits was invalid under the provision of section 4(w)(2).

Claimant's failure to comply with the provisions of section 4(w)(2) invalidates her application for benefits. *Marinoff Unemployment Compensation Case,* 194 Pa. Superior Ct. 332, 168 A. 2d 606.

The record shows sufficient evidence to support all the findings of the board.

Decision is affirmed.

---

[1] The issue in this case involves the interpretation of the same section of the Law considered in our opinion in the *Marinoff Unemployment Compensation Case,* 194 Pa. Superior Ct. 332, 168 A. 2d 606.