## Lodge Unemployment Compensation Case.

Argued March 22, 1961. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*George Lodge, Jr.*, appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., April 13, 1961:

George Lodge, Jr., an octogenarian, was last employed by Amchem Products, Ambler, Pennsylvania, in a clerical capacity. His final day of work was July 31, 1959, on which date he had a valid separation from his employment. Lodge thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On August 6, 1960, having had no intervening employment, Lodge filed an application for a second benefit year based upon the same separation and the same base year earnings. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had failed to comply with the active registration requirement now set forth in Sec-

tion 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The present language of Section 4(w)(2) was inserted by the amendment of December 17, 1959, P. L. 1893, 43 P.S. 753(w)(2), and appears in the footnote.[1] We had occasion to consider this amendment in two recent cases, in each of which we held that the failure of a claimant to comply with the provisions of the statute invalidated the application for benefits. See *Marinoff Unemployment Compensation Case*, 194 Pa. Superior Ct. 332, 168 A. 2d 606; *Crompton Unemployment Compensation Case*, 194 Pa. Superior Ct. 336, 168 A. 2d 608.

In the instant case the Referee and the Board made, inter alia, the following findings of fact: "2. On April 21st, 1960 the claimant filed his last compensable claim on his 1959 application. 3. Claimant was given an exit interview and was notified on April 21st, 1960 that he would have to maintain an active registration for work by reporting to the Local Office every sixty days. He was given a form UC-483 at that time. 4. The claimant next reported to the Local Office on August 6th, 1960, which was beyond the

---

[1] "An application for benefits filed within ninety (90) days after the termination of a preceding benefit year by an individual who has had no work, whether or not such work is in 'employment' as defined in this act, during the last fifty-one weeks of such preceding benefit year shall not be considered a Valid Application for Benefits within the meaning of this subsection, unless such individual has, subsequent to the exhaustion of benefits during such preceding benefit year, maintained an active registration for work in a public employment office by personal visits thereto at intervals of not more than sixty (60) days, or if such individual has refused to accept suitable work, whether or not such work is in 'employment'· as defined in this act, subsequent to such exhaustion".

sixty day period". Our examination of the record discloses that these findings of fact are supported by competent evidence, and they are therefore conclusive upon appeal: *McGinnis Unemployment Compensation Case,* 184 Pa. Superior Ct. 95, 132 A. 2d 749; *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452.

Claimant asserts that he "was not advised that he had to report to the unemployment compensation office every (60) days in the interim period, and was not given a form U. C.-483". However, a representative of the Bureau was present at the hearing before the Referee and produced a statement,[2] admittedly signed by claimant, acknowledging receipt of a copy of form UC-483. It should perhaps be noted that this form explains the provisions of Section 4(w)(2). We perceive no merit in claimant's contention that he was not afforded the opportunity of cross-examination.

Claimant also contends that the Board of Review should not have affirmed the Referee's decision without a hearing. However, there is nothing in the record to show that claimant requested and was refused the opportunity to be heard. Under such circumstances, the absence of a hearing before the Board by way of argument does not violate the requirements of due process: *Davidson Unemployment Compensation Case,* 189 Pa. Superior Ct. 543, 151 A. 2d 870.

Decision affirmed.

---

[2] "CLAIMANT'S STATEMENT—Compliance with Section 4(w)(2) —I have been given a copy of Form UC-483. It has been explained to me that failure to maintain a registration for work and failure to accept an offer of suitable work as required in Section 4(w)(2) of the Pennsylvania Unemployment Compensation Law may adversely affect the validity of a subsequent application for benefits filed by me".