## Ladika Unemployment Compensation Case.

Argued April 11, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Gilbert E. Caroff*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Anne X. Alpern*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., June 15, 1961:

Martin P. Ladika was last employed as a shuttle car operator by Bethlehem Mines Corporation, Johnstown, Pennsylvania. His final day of work was June 19, 1959, on which date he was laid off. Ladika thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On June 22, 1960, having had no intervening employment, he filed an application for benefits for a second benefit year, effective June 20, 1960, which was within ninety

days after the termination of the prior benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review, on the ground that he had failed to comply with the active registration requirement set forth in Section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on February 10, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date claimant was admittedly informed that he would have to maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant reported on March 18, 1960, but did not report thereafter until June 22, 1960, which was beyond the sixty-day period.

Claimant's position on this appeal is that his delay in reporting was "satisfactorily explained". He asserts that he was in Cleveland for seven weeks immediately prior to June 22, 1960, looking for work. However, as pointed out in the brief for appellee, claimant should have reported to the local employment office before going to Cleveland. He would have thereupon been instructed to file a "courtesy claim" in that city in order to maintain his active registration. Claimant's testimony at the hearing before the Referee clearly indicates that he took no steps to report within sixty days after March 18, 1960, either in Pennsylvania or Ohio. We find no merit in claimant's various contentions that the Board erred in upholding the decision of the Referee, that the Board's finding of ineligibility "was arbitrary, capricious and clearly violative of the spirit of the act", that there was no competent evidence to sustain the Board's findings of fact, and that the

decision of the Board "was violative of the Fourteenth Amendment to the Constitution of the United States and also the Constitution of the State of Pennsylvania".

Claimant also contends that the decision of the Board "is contrary to the declaration of public policy set forth in Section 3 of the Pennsylvania Unemployment Compensation Law". However, the declaration of public policy set forth in Section 3 of the statute (43 P.S. 752) is of no avail to a claimant who has been disqualified because of his failure to comply with a specific legislative provision. It was obviously the purpose of the legislature, in enacting Section 4(w)(2), to impose additional duties upon an individual who has exhausted all of his benefits in the first benefit year, and has not had intervening employment. This new reporting requirement relates solely to the validity of an application for benefits for a second benefit year. The intention of the legislature must be accorded controlling effect.

Claimant further contends that Section 4(w)(2) was adopted "during the period when he was receiving benefits", that the completion of this period "was a condition precedent to the filing of the second application", and that it "is nowhere stated in the amendment to the Act that the Legislative intended the amendment to be retroactive". The answer to this contention is that, since he is now seeking benefits for a second benefit year, the provisions of Section 4(w)(2) are clearly applicable to this claimant, and have not been given retroactive effect so far as he is concerned. The present statutory language was inserted by the amendment approved and effective December 17, 1959, P. L. 1893. Section 12 of that amendment expressly provides that it "shall be applicable to any individual who exhausts his benefits subsequent to the effective date".

Decision affirmed.