## Donaldson Unemployment Compensation Case.

Argued April 11, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Marie M. Donaldson,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., June 15, 1961:

Marie M. Donaldson, claimant, has appealed from a decision of the Unemployment Compensation Board

of Review denying her application for benefits for a second benefit year on the ground that she had failed to comply with the active registration requirement set forth in Section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq.

Claimant was last employed as a janitress by the Gulf Oil Company, Seventh Avenue and Grant Street, Pittsburgh, Pennsylvania. Her final day of work was May 7, 1959, at which time there was a valid separation. She thereafter filed an application for unemployment compensation and received benefits for thirty weeks. On January 4, 1960, claimant exhausted her entitlement for the first benefit year by filing a claim for her final compensable week. On that date claimant was admittedly informed that she would have to maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant did not report until March 9, 1960, which was more than sixty days later. Her application for a second benefit year was filed on May 29, 1960, which was within ninety days after the termination of the prior benefit year. She had no intervening employment.

It is claimant's contention on this appeal that her delay in reporting should be excused "as I was under physician's care for an eye operation". Claimant testified that, on February 2, 1960, she had an operation on her left eye for glaucoma. She was released from the hospital four days later. The record discloses that claimant still had sufficient time, after recuperation, to report within the sixty-day period. In *Marinoff Unemployment Compensation Case,* 194 Pa. Superior Ct. 332, 168 A. 2d 606, we declared the provisions of Section 4(w)(2) of the statute to be mandatory. The

following excerpt from the opinion of President Judge RHODES in the *Marinoff* case is here pertinent:

"Claimant also argues that the time limitation established in section 4(w)(2) should not be construed to be of the essence. We do not agree. We have construed time to be of the essence under other provisions of the Unemployment Compensation Law. In Perri Unemployment Compensation Case, 191 Pa. Superior Ct. 476, 478, 159 A. 2d 67, 68, we said: 'The time limits prescribed by the Unemployment Compensation Law for the taking of an appeal are mandatory, and, in the absence of fraud or its equivalent courts and administrative bodies are without power to extend the appeal period'. When a statute fixes the time within which an act must be done, the courts have no power to enlarge it. Turner Unemployment Compensation Case, 163 Pa. Superior Ct. 168, 171, 60 A. 2d 583".

Decision affirmed.