## Rosemas Unemployment Compensation Case.

Argued April 11, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Martin L. Rosemas,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., June 15, 1961:

Martin L. Rosemas was last employed as a motorman by Bethlehem Mines Corporation, Johnstown, Pennsylvania. His final day of work was June 19, 1959, on which date he was laid off. Rosemas thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On June 20, 1960, having had no intervening employment, he filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review, on the ground that he had failed to comply with the active registration requirement set forth in section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on February 4, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date claimant was admittedly informed that he would have to maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case*, 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant reported on February 11, 1960, and March 24, 1960. He did not report thereafter until May 24, 1960, which was beyond the sixty-day period.

Claimant contends on this appeal that he actually reported on May 23, 1960, "but the girl at the desk marked the 24th on my card". In his petition for appeal from the Bureau's determination, claimant was not so positive. He therein stated that "the girl at the desk could have made the mistake, not me". At the hearing before the Referee, the testimony of the representative of the local office was unmistakably clear that the date of claimant's report in May was the 24th, and that it "was not within sixty days". At the remand hearing, claimant testified as follows: "She could be wrong—I could be wrong". This issue of fact was for the Board to determine. Its finding is supported by the evidence, and therefore conclusive upon appeal: *McGinnis Unemployment Compensation Case*, 184 Pa. Superior Ct. 95, 132 A. 2d 749; *Davis Unemployment Compensation Case*, 187 Pa. Superior Ct. 116, 144 A. 2d 452. The provisions of the statute are mandatory: *Marinoff Unemployment Compensation Case*, 194 Pa. Superior Ct. 332, 168 A. 2d 606; *Donaldson Unemployment Compensation Case*, 195 Pa. Superior Ct. 243, 171 A. 2d 836.

Decision affirmed.