## Smith Unemployment Compensation Case.

Argued April 11, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Michael J. Smith,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., June 15, 1961:

Michael J. Smith was last employed as a miner by the Berwind White Coal Company, Windber, Pennsylvania. His final day of work was May 20, 1959, on which date he was laid off. Smith thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On May 21, 1960, having had no intervening employment, he filed an application for benefits for a second benefit year. This was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review, on the ground that he had failed to comply with the active registration requirement set forth in Section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P.L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on January 12, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date claimant was admittedly informed that he would have to maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant did not report thereafter until March 17, 1960, which was beyond the sixty-day period.

It is claimant's contention on this appeal that he "was given to understand that I should report sometime within three days before the sixty days were up", and that he was unable to report on any one of those three days because of a severe snowstorm. This contention was not raised before the unemployment compensation authorities and has no support whatever in the record. Claimant's position in his petition for appeal from the Bureau's determination was as follows: "I live in a

rural district and had no transportation". At the hearing before the Referee, claimant testified solely about the lack of transportation. At the remand hearing, a neighbor of claimant testified as follows: "I have an old car and bad tires on it. He wanted to come down and I didn't like to come down on it." It is clearly apparent that the decision of the Board is supported by the evidence. The provisions of the statute are mandatory: *Marinoff Unemployment Compensation Case*, 194 Pa. Superior Ct. 332, 168 A. 2d 606; *Donaldson Unemployment Compensation Case*, 195 Pa. Superior Ct. 243, 171 A. 2d 836; *Rosemas Unemployment Compensation Case*, 195 Pa. Superior Ct. 245, 171 A. 2d 534.

Decision affirmed.