Caruso Unemployment Compensation Case.

Argued April 12, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*James J. Manderino,* and *Manderino & Manderino,* for appellant, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

Opinion by Wright, J., June 15, 1961:

Luigi Caruso was last employed as a janitor by the American Chain & Cable Company, Page Steel & Wire Division, Monessen, Pennsylvania. His final day of work was May 9, 1959, on which date he had a valid separation. Caruso thereafter filed an application for unemployment compensation and received benefits for thirty weeks. On May 10, 1960, having had no intervening employment, he filed an application for benefits for a second year. This was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review, on the ground that he had failed to comply with the active registration requirement set forth in Section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P.L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on January 12, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date claimant was admittedly informed that he would have to maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case*, 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant did not report thereafter until March 24, 1960, which was beyond the sixty-day period.

It is claimant's position on this appeal that he was physically unable to report within sixty days after January 12, 1960. At the hearing before the Referee, he produced a physician's certificate to the effect that he had been confined in the Mercy Hospital, Pittsburgh, Pennsylvania, from February 9, 1960 to March 9, 1960. His last day to report within the sixty-day interval was March 12, 1960. As previously indicated, claimant did not report until March 24, 1960. In an extensive brief, counsel for claimant argue that his inability because of illness to meet the requirements of Section 4(w)(2) should be considered as an extenuating circumstance, and that the Board "failed to make any determination, whatsoever, in its Findings of Fact as to claimant's ability or inability to comply with the law". However, the award of a second remand hearing indicates that the Board did give full consideration to claimant's contention. Its decision is supported by the record. If the Board's insistence upon strict compliance with the language of the statute is oppressive and creates hardship, the remedy must be accomplished by the legislature. We have repeatedly stated that the provisions of Section 4(w)(2) are mandatory. See *Marinoff Unemployment Compensation Case*, 194 Pa. Superior Ct. 332, 168 A. 2d 606; *Donaldson Unemployment Compensation Case*, 195 Pa. Superior Ct. 243, 171 A. 2d 836; *Rosemas*

*Unemployment Compensation Case,* 195 Pa. Superior Ct. 245, 171 A. 2d 534; *Smith Unemployment Compensation Case,* 195 Pa. Superior Ct. 248, 171 A. 2d 535.

Decision affirmed.