## Kuhnert Unemployment Compensation Case.

Argued April 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Paul Kuhnert,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., June 15, 1961:

Paul C. Kuhnert was last employed as a patent lawyer and technical writer by Auburn Engineering, Inc., Pittsburgh, Pennsylvania. His final day of work was May 15, 1959, on which date he had a valid separation. Kuhnert thereafter filed an application for unemployment compensation and received benefits for thirty weeks. On July 6, 1960, having had no intervening employment, he filed an application for benefits for a second benefit year. This was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review, on the ground that he had failed to comply with the active registration requirement set forth in Section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P.L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on February 18, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date claimant was admittedly informed that he would have to maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was presumably given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant reported on April 11, 1960, so that the last day of his

next report period was June 10, 1960. He did not report until July 6, 1960, which was almost a month late.

Claimant's contention on this appeal is that his delay should be excused because he was informed by telephone on June 10, 1960, that he would not have to report until he was ready to file his application for a second benefit year. Claimant's testimony before the Referee in this regard was not convincing. He admitted that he understood the requirements of Section 4(w)(2), and that he did report within the first sixty day period. He then testified as follows: "A. I was having sinus trouble and I told my Mother that I had to report in, and . . . She said, 'Well, why don't you phone them and see if you can have it postponed?' Which I did and I did it more to humor her, and the man that answered gave me the information on the phone. He told me that I did not have to report, and that isn't funny to me. All I wanted to do was to postpone it until Monday. Q. You did not have to wait until the 60th day. You could have gone in at any time within the 60 days? . . . A. Well, my 60 days was running out on that weekend. Q. And you did not go in after the telephone call? A. I disbelieved it. I thought I was getting bad information and I called the East Liberty Office and they told me it was true that I did not have to report until I was ready to file my claim again."

It was for the Board to determine the credibility of claimant's uncorroborated testimony relating to the purported telephone conversations, and the effect of his alleged reliance thereon despite his belief that he "was getting bad information". The findings of fact made by the Board are fully supported by the evidence. The provisions of the statute are mandatory: *Marinoff Unemployment Compensation Case,* 194 Pa. Superior Ct. 332, 168 A. 2d 606; *Donaldson Unemployment Com-*

*pensation Case,* 195 Pa. Superior Ct. 243, 171 A. 2d 836; *Rosemas Unemployment Compensation Case,* 195 Pa. Superior Ct. 245, 171 A. 2d 534; *Smith Unemployment Compensation Case,* 195 Pa. Superior Ct. 248, 171 A. 2d 535; *Caruso Unemployment Compensation Case,* 195 Pa. Superior Ct. 250, 171 A. 2d 533.

Decision affirmed.