Shumelman Unemployment Compensation Case.

Argued June 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Neil Leibman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

Opinion by Wright, J., September 12, 1961:

Harry Shumelman was last employed as a cloth cutter by Linsk & Company, Philadelphia, Pennsylvania. His final day of work was July 31, 1959, on which date he had a valid separation. Shumelman thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On August 1, 1960, having had no intervening employment, he filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Board of Review on the ground that he had failed to comply with the active registration requirement set forth in section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P. S. 751 et seq. This appeal followed.

The record discloses that, on March 10, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date, according to his own signed statement, claimant was given a form UC-483 explaining the requirement that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant did not report thereafter until May 20, 1960, which was beyond the sixty-day period. It is readily apparent that the Board of Review acted properly in refusing to allow benefits under the rule announced in *Marinoff Unemployment Compensation Case,* 194 Pa. Superior Ct. 332, 168 A. 2d 606, and followed consistently since.[1]

---

[1] *Crompton Unemployment Compensation Case,* 194 Pa. Superior Ct. 336, 168 A. 2d 608; *Lodge Unemployment Compensation Case,* supra, 194 Pa. Superior Ct. 626, 169 A. 2d 305; *Donaldson Unemployment Compensation Case,* 195 Pa. Superior Ct. 243, 171 A.

Counsel for appellant has advanced two contentions on this appeal. The first is that the findings of the Board of Review were not supported by substantial competent evidence. The gravamen of this complaint is that Miss Theresa LaVecchio, the representative of the Bureau at the hearing before the Referee, was not sworn as a witness. An examination of the record does not support claimant's contention. Regulation No. 302 of the Board of Review expressly provides that all witnesses shall be sworn or affirmed before testifying. While it does not affirmatively appear that Miss La-Vecchio was sworn, that circumstance may be presumed in the absence of proof to the contrary. See *Neumeyer Unemployment Compensation Case,* 187 Pa. Superior Ct. 321, 144 A. 2d 606. Furthermore, Miss LaVecchio's only function was to present the various forms and records upon which the Bureau had based its determination in appellant's case. These forms and records were official documents of which the Referee properly could take judicial notice. Appellant does not assert that they contained error, and no objection was made to the manner of their presentation. See *Sledzianowski Unemployment Compensation Case,* 168 Pa. Superior Ct. 37, 76 A. 2d 666.

Appellant's second contention is that the procedures followed by the Board of Review "were a violation of due process of law". It is argued that the Bureau employe who interviewed appellant on March 10, 1960, was not produced as a witness. This was clearly unnecessary in view of appellant's admission that he

2d 836; *Rosemas Unemployment Compensation Case,* 195 Pa. Superior Ct. 245, 171 A. 2d 534; *Ladika Unemployment Compensation Case,* 195 Pa. Superior Ct. 239, 171 A. 2d 624; *Smith Unemployment Compensation Case,* 195 Pa. Superior Ct. 248, 171 A. 2d 535; *Caruso Unemployment Compensation Case,* 195 Pa. Superior Ct. 250, 171 A. 2d 533; *Kuhnert Unemployment Compensation Case,* 195 Pa. Superior Ct. 253, 171 A. 2d 537.

had signed the statement acknowledging receipt of form UC-483. In this connection his testimony was as follows: "Q. On March 10, when you visited the local office to sign for your 30th check they showed you this form? A. Yes, and I signed that". It is also argued that the record does not show that appellant was advised, inter alia, of his right to be represented by counsel, of the limitation on counsel fee set forth in Regulation No. 311 of the Board of Review, of his right to cross-examine, and of his right to refrain from answering questions. Passing the fact that these complaints are here raised for the first time, appellant has failed to demonstrate that he was in any way prejudiced. The record discloses no indication whatever of any unfairness in the conduct of the instant proceeding.

Decision affirmed.

