Brooks Unemployment Compensation Case.

Argued September 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Douglas A. Brooks,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., November 16, 1961:

Douglass A. Brooks was last employed as a truck driver by S. Kruger & Company, Philadelphia, Penn-

sylvania. His final day of work was August 1, 1959, on which date he had a valid separation. Brooks thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On October 18, 1960, having had no intervening employment, he filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had failed to comply with the active registration requirements set forth in section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on March 15, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date, according to his own signed statement, claimant was notified of the requirement of section 4(w)(2) that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case*, 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant reported on March 22, 1960, and April 1, 1960, but did not report thereafter until October 18, 1960, which was beyond the sixty-day period. It is readily apparent that the Board of Review acted properly in refusing to allow benefits under the rule announced in *Marinoff Unemployment Compensation Case*, 194 Pa. Superior Ct. 332, 168 A. 2d 606, and most recently reiterated in *Shumelman Unemployment Compensation Case*, 196 Pa. Superior Ct. 56, 173 A. 2d 676.

Claimant's statement to the Bureau was as follows: "I didn't understand that I had to come in every sixty days". At the hearing before the Referee he testified

as follows: "I'll be darned if I can understand it". Claimant does not dispute the fact that he had been informed of the reporting requirement. His purported failure to understand is not an extenuating circumstance. See, inter alia, *Donaldson Unemployment Compensation Case*, 195 Pa. Superior Ct. 243, 171 A. 2d 836; *Smith Unemployment Compensation Case*, 195 Pa. Superior Ct. 248, 171 A. 2d 535; *Caruso Unemployment Compensation Case*, 195 Pa. Superior Ct. 250, 171 A. 2d 533; *Kuhnert Unemployment Compensation Case*, 195 Pa. Superior Ct. 253, 171 A. 2d 537.

Decision affirmed.