Doble Unemployment Compensation Case.

Argued September 15, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Irving Leonard Hoffman,* with him *Charles R. Weiner,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., November 16, 1961:

George W. Doble was last employed as a tool grinder by the Disston Division of the H. K. Porter Company, Philadelphia, Pennsylvania. His final day of work was September 18, 1959, on which date he had a valid separation. On September 19, 1959, Doble filed an application for unemployment compensation. The Bureau of Employment Security ruled that he was ineligible to receive benefits for the weeks ending September 25, October 2, and October 9, for the reason that Doble was owed three weeks vacation pay earned during the year 1958. Doble's waiting week therefore commenced on October 12, 1959, and he thereafter received benefits for the full period of thirty weeks. On September 19, 1960, having had no intervening employment, Doble filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had failed to comply with the active registration requirements set forth in section 4(w)(2)

of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that on May 13, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date, according to his own signed statement, claimant was notified of the requirement of section 4(w)(2) that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days and was given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant reported on June 13, 1960, but did not report thereafter until August 17, 1960, which was beyond the sixty-day period. It was for this reason that the Board of Review refused to allow benefits under the rule announced in *Marinoff Unemployment Compensation Case,* 194 Pa. Superior Ct. 332, 168 A. 2d 606, and reiterated frequently since. See *Shumelman Unemployment Compensation Case,* 196 Pa. Superior Ct. 56, 173 A. 2d 676.

It is first contended on this appeal that, since claimant, on July 15, 1960, received three weeks vacation pay earned during the year 1959, the sixty-day reporting period "should have been tolled until the termination of the vacation period". It is argued that, under section 4(u) of the statute, 43 P.S. 753(u), claimant could not be considered as unemployed while receiving vacation pay, that he was therefore ineligible for benefits, and was not required under section 4(w)(2), 43 P.S. 753(w)(2), to report during that period. We are not in accord with this contention.

It should be noted that section 4(u) and section 4(w) deal with entirely different subjects. Section 4(u) defines the term "unemployed". Section 4(w) defines the term "valid application for benefits", and sets forth in paragraph (2) that an application for a

second benefit year shall not be valid unless claimant has "maintained an active registration for work in a public employment office by personal visits thereto at intervals of not more than sixty (60) days". Claimant overlooks the fact that, at no time after May 9, 1960, until the filing of the second application was he eligible to receive benefits. He had exhausted his eligibility for the first benefit year on that date. No further benefits could be paid to him until after he had reported during the interval as required by the statute and had filed a second application.

Furthermore, the receipt of vacation pay on July 15, 1960, could not have been charged against claimant even if he had then been eligible for benefits. Counsel for claimant cites *Shadowens Unemployment Compensation Case,* 177 Pa. Superior Ct. 49, 110 A. 2d 250, *Santus Unemployment Compensation Case,* 177 Pa. Superior Ct. 496, 110 A. 2d 874, and *Myers Unemployment Compensation Case,* 186 Pa. Superior Ct. 227, 142 A. 2d 774. The authority of these cases was recently questioned by our Supreme Court in *Piestrak Unemployment Compensation Case,* 404 Pa. 527, 172 A. 2d 807, wherein it was held that, so far as section 4(u) is concerned, the receipt of vacation pay must be allocated to the actual vacation period. In the words of Mr. Justice Cohen: "We conclude further that the receipt of vacation pay is to be allocated to an actual vacation period and to be allocated within such period as the Department provides by its regulations; however, we find no justification in the statute or elsewhere for allocating vacation pay to a non-vacation period . . ." It is our conclusion that receipt of 1959 vacation pay in 1960 in no way relieved claimant from the reporting requirement.

Appellant's second contention is that he should not be disqualified from receiving benefits because he "was acting under an honest and reasonable mistake of fact,

caused by reliance on information supplied by an authorized employe at the local office". This contention is not supported by the record. Claimant testified at the hearing before the Referee that, when he reported on June 13, 1960, he was informed that his sixty-day period would not have elapsed until July 13, 1960. He argues that he was therefore justified in assuming that the next sixty-day reporting period would not commence until the latter date. It is to be noted that claimant did not testify that he was actually given misleading information as to the cycle of reporting intervals. See *Kuhnert Unemployment Compensation Case*, 195 Pa. Superior Ct. 253, 171 A. 2d 537, wherein benefits were denied despite much stronger testimony. Claimant's mistaken assumption or purported failure to understand is clearly not an extenuating circumstance. Cf. *Brooks Unemployment Compensation Case*, 196 Pa. Superior Ct. 365, 175 A. 2d 131. As stated in *Caruso Unemployment Compensation Case*, 195 Pa. Superior Ct. 250, 171 A. 2d 533: "If the Board's insistence upon strict compliance with the language of the statute is oppressive and creates hardship, the remedy must be accomplished by the legislature". Counsel for claimant cites *Layton Unemployment Compensation Case*, 156 Pa. Superior Ct. 225, 40 A. 2d 125, and *Gill Unemployment Compensation Case*, 165 Pa. Superior Ct. 605, 70 A. 2d 422, but these cases deal with the perfection of timely efforts to appeal. They are not controlling in the instant situation.

Decision affirmed.