Hecht Unemployment Compensation Case.

Argued September 15, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Samuel J. Hecht,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., November 16, 1961:

Jacob Hecht was last employed as a supervisor of maintenance and rent collector by the Castor Realty Company, Philadelphia, Pennsylvania. His final day of work was August 28, 1959, on which date he had a valid separation. Hecht thereafter filed an application for unemployment compensation and received benefits for thirty weeks. On December 29, 1960, having had no intervening employment, he filed an application for

benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had failed to comply with the active registration requirements set forth in section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that on April 14, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date, according to his own signed statement, claimant was notified of the requirement of section 4(w)(2) that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case*, 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant did not report thereafter until December 29, 1960, which was beyond the sixty-day period. It is readily apparent that the Board of Review acted properly in refusing to allow benefits under the rule announced in *Marinoff Unemployment Compensation Case*, 194 Pa. Superior Ct. 332, 168 A. 2d 606, and reiterated frequently since. See *Shumelman Unemployment Compensation Case*, 196 Pa. Superior Ct. 56, 173 A. 2d 676.

Claimant's statement to the Bureau was as follows: "I neglected to report in because I was nervous and forgot all about it". At the hearing before the Referee he testified that his daughter in Washington, D.C., became ill "and I went away, you know, I forgot all about it and I never went. I didn't know it was so much important". Perhaps the real reason for claimant's failure to report is disclosed by his testimony at the remand hearing which was as follows: "I was promised the same job I had, I was interviewed and promised the

job still, so I went to my daughter . . . I was promised the job and I was sure I'm going to get a job and I may get a job yet". Claimant does not dispute the fact that he had been informed of the reporting requirement. The attempted explanation of his failure to comply therewith does not constitute an extenuating circumstance. Cf. *Brooks Unemployment Compensation Case*, 196 Pa. Superior Ct. 365, 175 A. 2d 131.

Decision affirmed.