## Heidecker Unemployment Compensation Case.

Argued November 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Theresa M. Heidecker,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., December 14, 1961:

Theresa M. Heidecker was last employed as a clerk in the auditing office by the Pittsburgh Plate Glass Company, Pittsburgh, Pennsylvania. Her final day of work was November 30, 1959, on which date she had a valid separation. Mrs. Heidecker thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On December 1, 1960, having had no intervening employment, she filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. Her application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that she had failed to comply with the active registration requirement set forth in section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on July 11, 1960, claimant exhausted her entitlement for the first benefit year by filing a claim for her final compensable week. On that date, according to her own signed statement, claimant was notified of the requirement of section 4(w)(2) that she must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant reported on September 1, 1960, but did not report thereafter until November 14, 1960, which was beyond the sixty-day period. She testified at the hearing before the Referee as follows: "I wasn't sick in bed but I wasn't well . . . had I known it was so important to go, I could have dragged myself out". Her attempted explanation does not constitute an extenuating circumstance. See *Donaldson Unemployment Compensation Case,* 195 Pa. Superior Ct. 243, 171 A. 2d 836; *Caruso Unemployment Compensation Case,* 195 Pa. Superior Ct. 250, 171 A. 2d 533.

Decision affirmed.