## Grunden Unemployment Compensation Case.

Argued November 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Earl G. Grunden,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., December 14, 1961:

Earl G. Grunden was last employed by the Pittsburgh Plate Glass Company at Creighton, Allegheny County, Pennsylvania. His final day of work was February 26, 1960, on which date he had a valid separation. Grunden thereafter filed an application for unemploy-

ment compensation, and received benefits for thirty weeks. On February 27, 1961, having had no intervening employment, he filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had failed to comply with the active registration requirement set forth in section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on October 13, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date, according to his own signed statement, claimant was notified of the requirement of section 4(w)(2), that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case*, 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant reported on November 1, 1960, but did not report thereafter until January 11, 1961, which was beyond the sixty-day period. At the hearing he testified as follows: "I misunderstood I guess and it would by my fault". As we have repeatedly stated, the provisions of the statute are mandatory. See *Peluso Unemployment Compensation Case*, 196 Pa. Superior Ct. 526, 175 A. 2d 923[2].

Decision affirmed.

MONTGOMERY, J., concurs in the result.