## Nitowski Unemployment Compensation Case.

Argued November 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Leonard Nitowski,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., December 14, 1961:

Leonard Nitowski was last employed by the Pittsburgh Plate Glass Company at Creighton, Allegheny County, Pennsylvania. His final day of work was April 1, 1960, on which date he had a valid separation. Nitowski thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On April 2, 1961, having had no intervening employment, he filed an application for benefits for a second benefit year, which was within ninety days after

the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had failed to comply with the active registration requirement set forth in section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that on November 10, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date, according to his own signed statement, claimant was notified of the requirement of section 4(w)(2) that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant did not report thereafter until January 11, 1961, which was beyond the sixty-day period. At the hearing he testified as follows: "It slipped my mind, that is all . . . I just forgot to come in". This case is ruled by *Peluso Unemployment Compensation Case,* 196 Pa. Superior Ct. 526, 175 A. 2d 923[2]; *Grunden Unemployment Compensation Case,* 196 Pa. Superior Ct. 528, 175 A. 2d 924.

Decision affirmed.