## Grove Unemployment Compensation Case.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Roy W. Grove,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., December 14, 1961:

Roy W. Grove was last employed by the United States Steel Corporation in Braddock, Pennsylvania. His final day of work was July 15, 1959, on which date he had a valid separation. Grove thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On October 31, 1960, having had no intervening employment, he filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had failed to comply with the active registration requirement set forth in section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on June 8, 1960, claimant exhausted his entitlement for the first benefit year by

filing a claim for his final compensable week. On that date, according to his own signed statement, claimant was notified of the requirement of section 4(w)(2) that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. The Board found as a fact that claimant did not report thereafter until August 31, 1960, which was beyond the sixty-day period. It is asserted by claimant that he also reported on July 27, 1960. However, there was no official record of this visit and claimant's testimony was contradicted by that of the examiner in the local office. We are bound by the finding of the Board. See *Rosemas Unemployment Compensation Case,* 195 Pa. Superior Ct. 245, 171 A. 2d 534.

Decision affirmed.