## Winder Unemployment Compensation Case.

Argued December 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Mercer D. Tate,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., January 16, 1962:

Florence Winder was last employed as a clerk by the United States Revenue Service, Philadelphia, Pennsylvania. Her final day of work was January 31, 1960, on which date she had a valid separation. Mrs. Winder thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On March 7, 1961, having had no intervening employment, she filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. Her application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that she had failed to comply with the active registration requirement set forth in Section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on October 11, 1960, claimant exhausted her entitlement for the first benefit year by filing a claim for her final compensable week. On that date, according to her own signed statement, claimant was notified of the requirement of Section 4(w)(2) that she must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant reported on November 21, 1960, but did not report thereafter until January 30, 1961, an interval of more than sixty days.

It is contended on this appeal that the statutory requirement that a claimant report "at intervals of not more than sixty (60) days" should be construed to mean that a claimant must report "once during each of successive 60-day interval periods". However, we have consistently taken the position that the statute means just what it says, namely, that there must not be an interval of more than sixty days between reports. In *Kuhnert Unemployment Compensation Case,* 195 Pa. Superior Ct. 253, 171 A. 2d 537, we said: "Claimant reported on April 11, 1960, so that the last day of his next report period was June 10, 1960". There are a number of cases in which a claimant reported twice within one hundred twenty days, as did Mrs. Winder, but was denied benefits on the ground that the interval between the first and second report was more than sixty days. See, inter alia, *Rosemas Unemployment Compensation Case,* 195 Pa. Superior Ct. 245, 171 A. 2d 534; *Doble Unemployment Compensation Case,* 196 Pa. Superior Ct. 367, 175 A. 2d 345; *Peluso Unemployment Compensation Case,* 196 Pa. Superior Ct. 526, 175 A. 2d 923; *Grunden Unemployment Compensation Case,* 196 Pa. Superior Ct. 528, 175 A. 2d 924.

Decision affirmed.