## Kochmer Unemployment Compensation Case.

Argued December 14, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Maxwell P. Gorson,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., January 16, 1962:

Frank Kochmer was last employed as a butcher by the Morrell Felin Company, Philadelphia, Pennsylvania. His final day of work was February 26, 1960, on which date he had a valid separation. Kochmer thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On March 15, 1961, having had no intervening employment, he filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had failed to comply with the active registration requirement set forth in Section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on October 24, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date, according to his own signed statement, claimant was notified of the requirement of Section 4(w)(2)

that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant did not report thereafter until January 3, 1961, which was beyond the sixty-day period.

It is contended on this appeal (1) that claimant "cannot read and speaks little English, and there is no evidence that the requirements of Section 4(w)(2) of the Act were adequately explained or properly communicated to him"; and (2) that claimant was misled by an employe of the Bureau who told him to return "after holiday". These contentions were controverted, not only by claimant's admission, but also by the testimony of the claims interviewer. The compensation authorities resolved the factual issues adversely to claimant. Cf. *Kuhnert Unemployment Compensation Case,* 195 Pa. Superior Ct. 253, 171 A. 2d 537; *Doble Unemployment Compensation Case,* 196 Pa. Superior Ct. 367, 175 A. 2d 345. Findings of fact, supported by the evidence, are conclusive upon appeal: *Rosemas Unemployment Compensation Case,* 195 Pa. Superior Ct. 245, 171 A. 2d 534. The requirement of the statute is mandatory: *Peluso Unemployment Compensation Case,* 196 Pa. Superior Ct. 526, 175 A. 2d 923[2].

Decision affirmed.