## Grier Unemployment Compensation Case.

Argued March 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Joseph E. Grier,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., March 21, 1962:

Joseph E. Grier was last employed as a mold capper by the Bethlehem Steel Company at its plant in Steelton, Pennsylvania. His final day of work was May 7, 1960, on which date he had a valid separation. Grier thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On May 8, 1961, having had no intervening employment, he filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had failed to comply with the active registration requirement set forth in Section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on December 19, 1960, claimant exhausted his entitlement for the first bene-

fit year by filing a claim for his final compensable week. On that date, according to his own signed statement, claimant was notified of the requirement of Section 4(w)(2) that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant did not report until May 8, 1961, which was beyond the sixty-day period.

Claimant asserts in his brief that he "was out of town looking for work". He does not dispute the fact that he had been informed of the reporting requirement, and the attempted explanation of his failure to comply therewith does not constitute an extenuating circumstance. This appeal is ruled by *Ladika Unemployment Compensation Case,* 195 Pa. Superior Ct. 239, 171 A. 2d 624.

Decision affirmed.