Trader Unemployment Compensation Case.

Argued March 20, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Milford J. Meyer,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., April 12, 1962:

Albert L. Trader was last employed as a laborer by the H. K. Porter Company, Philadelphia, Pennsylvania,

His final day of work was September 11, 1959, on which date he had a valid separation. Trader thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On September 12, 1960, having had no intervening employment, he filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had failed to comply with the active registration requirement set forth in Section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on April 21, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date, according to his own signed statement, claimant was notified of the requirement of Section 4(w)(2) that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case*, 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant did not report thereafter until June 23, 1960, which was beyond the sixty-day period.

It is contended by claimant's counsel that his client was misled by an interviewer for the Bureau. This contention was not advanced until after the initial decision of the Board of Review. Claimant's statement to the Bureau was as follows: "I thought I had reported every sixty days. I evidently miscalculated the time". In his petition for appeal from the Bureau's decision, claimant assigned the following reason: "Misunderstanding of time to report". In his petition for appeal from the decision of the Referee, claimant assigned the

following reason: "I reported to the office three times". Cf. *Winder Unemployment Compensation Case*, 197 Pa. Superior Ct. 128, 177 A. 2d 165.

At the request of claimant's counsel, the Board vacated its original decision and remanded the case for further hearing. Claimant testified that he could not read or write. Cf. *Kochmer Unemployment Compensation Case*, 197 Pa. Superior Ct. 136, 177 A. 2d 5. Claimant also testified that, when he signed for his last check, he was told to come in "every two months". We find no fault with the Board's refusal to credit this testimony by claimant, especially in view of his prior statements to which reference has been made. Nor do we feel that it is necessary to remand the case for testimony by the interviewer and a specific finding of fact.

Counsel for claimant cites *Layton Unemployment Compensation Case*, 156 Pa. Superior Ct. 225, 40 A. 2d 125; *Flynn Unemployment Compensation Case*, 192 Pa. Superior Ct. 251, 159 A. 2d 579; and *Sturzebecker Unemployment Compensation Case*, 195 Pa. Superior Ct. 164, 169 A. 2d 310, but these cases deal with the perfection of timely efforts to appeal. They are not controlling in the instant situation. Cf. *Doble Unemployment Compensation Case*, 196 Pa. Superior Ct. 367, 175 A. 2d 345. This appeal is ruled by *Galat Unemployment Compensation Case*, 197 Pa. Superior Ct. 295, 178 A. 2d 785.

Decision affirmed.