## Malloy Unemployment Compensation Case.

Argued April 10, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Sanford S. Finder,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., June 13, 1962:

James A. Malloy was last employed as a locomotive brakeman by the Mathies Coal Company, Library, Pennsylvania. His final day of work was May 13, 1960, on which date he had a valid separation. Malloy thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On May 26, 1961, having had no intervening employment, he filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had failed to comply with the active registration requirement set forth in Section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on December 30, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date, according to his own signed statement, claimant was notified of the requirement of Section 4(w)(2) that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant did not report thereafter until March 24, 1961, which was beyond the sixty-day period.

Claimant's contention is that he became ill, and was under the care of a physician. It appears from the medical certificate that claimant was suffering from mental depression. However, he was not bedfast, and made regular visits to the Centerville Clinic in California, Pennsylvania. This appeal is ruled by *Caruso Unemployment Compensation Case,* 195 Pa. Superior Ct. 250, 171 A. 2d 533, wherein we said: "If the Board's insistence upon strict compliance with the language of the statute is oppressive and creates hardship, the remedy must be accomplished by the legislature. We have repeatedly stated that the provisions of Section 4(w)(2) are mandatory".

Decision affirmed.