## Kerchner Unemployment Compensation Case.

Argued November 14, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Andrew C. Van Gorder,* with him *Paul, Lawrence & Rock,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

Opinion by Wright, J., December 14, 1961:

Agnes M. Kerchner was last employed as a cashier by the Equitable Gas Company of Pittsburgh, Pennsylvania. Her final day of work was December 31, 1959, on which date she had a valid separation. Miss Kerchner thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On January 1, 1961, having had no intervening employment, she filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. Her application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that she had failed to comply with the active

registration requirement set forth in section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on August 11, 1960, claimant exhausted her entitlement for the first benefit year by filing a claim for her final compensable week. On that date, according to her own signed statement, claimant was notified of the requirement of section 4(w)(2) that she must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case*, 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant did not report thereafter until October 13, 1960, which was beyond the sixty-day period. It is therefore apparent that benefits were properly disallowed in accordance with the legislative mandate. See *Nitowski Unemployment Compensation Case*, 196 Pa. Superior Ct. 530, 175 A. 2d 925, and cases therein cited.

Claimant testified that she did not actually receive the check for her final benefit week until August 18, 1960. She argues that her benefits were not exhausted until she received the check, citing Webster's Dictionary, Black's Law Dictionary, and *Winthrop Company v. Clinton*, 196 Pa. 472, 46 A. 435. We are not in accord with this contention. Claimant concedes that her final compensable week ended on August 11, 1960. It is our view that her benefits were exhausted as of that date. We do not believe that the legislature intended to place upon local employment offices the burden of determining just when benefit checks are received in the mail.

Decision affirmed.