## Wielebinski Unemployment Compensation Case.

Argued March 5, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Leo G. Knoll,* for appellant, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., March 21, 1962:

John Wielebinski was last employed as a stationary fireman for the H. B. Sproul Company, Scranton, Pennsylvania. His final day of work was November 14, 1959, on which date he had a valid separation. Wielebinski thereafter filed an application for unemployment compensation, and received benefits for thirty weeks. On November 15, 1960, having had no intervening employment, he filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Board of Review on the ground that he had failed to comply with the active registration requirement set forth in Section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on July 7, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date, according to his own signed statement, claimant

was notified of the requirement of Section 4(w)(2) that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant reported on September 6, 1960, but did not report thereafter until November 15, 1960, which was beyond the sixty-day period.

It is the contention of claimant's counsel on this appeal that the reporting requirement of Section 4(w)(2) is directory and not mandatory. The question as to whether the provisions of a statute are directory or mandatory in nature must be determined by ascertaining the legislative intent: *Allegheny County v. Pa. P. U. C.,* 192 Pa. Superior Ct. 100, 159 A. 2d 227. In *Marinoff Unemployment Compensation Case,* 194 Pa. Superior Ct. 332, 168 A. 2d 606, the first appeal to arise under Section 4(w)(2), we expressly rejected the contention now being advanced, and held that it was the intention of the legislature that the statutory requirement should be mandatory. This interpretation has been consistently followed in more than twenty opinions which we have handed down since the *Marinoff* case was decided, one of the most recent being *Nitowski Unemployment Compensation Case,* 196 Pa. Superior Ct. 530, 175 A. 2d 925, allocatur refused February 29, 1962.

It is also contended that, on September 6, 1960, claimant was instructed not to report again until November 15, 1960. Although claimant testified to that effect, his testimony was controverted by that of Thomas Healey, the employment interviewer, and the Board resolved the factual issue adversely to claimant's contention. We are bound by the finding of the Board. See *Kochmer Unemployment Compensation Case,* 197 Pa. Superior Ct. 136, 177 A. 2d 5.

Decision affirmed.