## Galat Unemployment Compensation Case.

Argued March 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Anthony P. Galat,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., March 21, 1962:

Anthony Paul Galat was last employed as a truck driver by Joseph Joseph, Portage, Pennsylvania. His final day of work was February 11, 1960, on which date he had a valid separation. Galat thereafter filed an application for unemployment compensation, and re-

ceived benefits for thirty weeks. On February 24, 1961, having had no intervening employment, he filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had failed to comply with the active registration requirement set forth in Section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, on September 28, 1960, claimant exhausted his entitlement for the first benefit year by filing a claim for his final compensable week. On that date, according to his own signed statement, claimant was notified of the requirement of Section 4(w)(2) that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days, and was given a form UC-483. See *Lodge Unemployment Compensation Case*, 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant reported on November 28, 1960, but did not report thereafter until February 24, 1961, which was beyond the sixty-day period.

Claimant testified before the Referee as follows: "I didn't understand". In his brief he argues that we should excuse the delay because it was "a minor error and technical in nature". Unfortunately for claimant, the requirements of the statute are mandatory. See *Wielebinski Unemployment Compensation Case*, 197 Pa. Superior Ct. 292, 178 A. 2d 783. This appeal is ruled by *Brooks Unemployment Compensation Case*, 196 Pa. Superior Ct. 365, 175 A. 2d 131.

Decision affirmed.