Daniels Unemployment Compensation Case.

Argued November 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Carl Daniels,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., December 12, 1962:

Carl Daniels was last employed as a molder by the Westinghouse Electric Corporation, East Pittsburgh, Pennsylvania. His final day of work was December 30, 1960, on which date he had a valid separation. Daniels thereafter filed an application for unemployment compensation and received benefits for thirty weeks. Following the exhaustion of his regular unemployment compensation, Daniels filed an application under the federal government's Temporary Extended Compensation program. He reported and signed for a TEC check on September 27, 1961. On January 3, 1962, having had no intervening employment, he filed an application for benefits for a second benefit year, which was within ninety days after the termination of the preceding benefit year. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had failed to comply with the active registration requirements set forth in Section 4(w)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that, according to his own signed acknowledgment, claimant was notified of the requirement of Section 4(w)(2) that he must maintain an active registration for work by reporting to the local office at intervals of not more than sixty days,

and was given a form UC-483. See *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A. 2d 305. Claimant did not report from September 27, 1961 until January 3, 1962, an interval of more than sixty days. It appears that claimant was hospitalized from October 3, 1962 to October 14, 1962, as a result of a bullet wound in the shoulder. "My wife shot me".

At the hearing before the Referee, claimant testified that he did not report after the shooting because he was receiving weekly disability insurance benefits from his employer. In his petition for appeal, claimant asserted that he did not report because he was unable to work. Neither of these attempted explanations constitute an extenuating circumstance. Cf. *Ladika Unemployment Compensation Case,* 195 Pa. Superior Ct. 239, 171 A. 2d 624. We have repeatedly held that the active registration requirements set forth in Section 4(w)(2) of the statute are mandatory: *Wielebinski Unemployment Compensation Case,* 197 Pa. Superior Ct. 292, 178 A. 2d 783.

Decision affirmed.